COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

Norfolk County

Docket No.  11D0426

Kayoko Obara, Plaintiff ("Mother")

v.

Javad Ghoreishi, Defendant ("Father")

## JUDGMENT OF DIVORCE NISI

(On the complaint for divorce dated March 2, 2011. The trial was heard on January 15, 18, and 25, 2013. The parties were given until February 15, 2013 for post-trial submissions.)

All persons interested having been notified in accordance with law and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted the said **Kayoko Obara, Plaintiff ("Mother")** for the cause of irretrievable breakdown of the marriage pursuant to M.G.L. Chap. 208, Sec. l-B; and after the expiration of ninety days from the entry of this judgment it shall become and be absolute unless, upon the application of any person within such period , the Court shall otherwise order, and it is further adjudged and ordered that:

1.    The marriage became irretrievably broken on or about December 2010 and that irretrievable breakdown continued uninterruptedly since then and up to date of trial, with no prospect of reconciliation.

2.    . Mother shall have sole physical custody and the parties shall share legal custody of the parties' minor child, a daughter Sepideh Ghoreishi who shall reside with Mother. Given Sepideh's age at time of trial (17), parenting time for Father shall be as arranged among the parties and the daughter.

3.    Beginning retroactive to May 2011 and each and every month thereafter Father shall pay to Mother as child support the amount of $ 627 per month, consistent with the amount of Sepideh's Social Security dependency benefit and the amount Mother requested in her proposed judgment. The Court concludes that application of the Child Support Guidelines in this case is not appropriate because it requires imputed and attributed income to Father necessitated by the Court's doubts about his financial information and his testimony provided to the Court.   Father shall continue to pay this amount of $627 per month until the earlier of the date of Sepideh's graduation from college with a bachelor's degree or when she reaches age 23 years old. The Court determines the retroactive amount of child support from May 2011 to month of Judgment to be $13,794 (22 months x $627 per month). Father shall pay to Mother the retroactive amount of $13,794 not later than August 30, 2013.

4.     Neither party shall pay alimony to the other as the Court finds each party capable of self-support, earn comparable incomes and are likely to do so for the foreseeable future especially given Father's testimony about the lack of limitations on his ability to practice dentistry notwithstanding his multiple sclerosis and further given Father's two other definite sources of income as well as rental income.

5.     The parties shall equally share the cost of reasonable extracurricular, recreational, sports, day care, pre- or post school care and educational expenses of Sepideh. Each party shall provide to the other within 10 days after incurring such expense the receipt or bill and the other party shall pay his or her equal share to the other party within 10 days after receiving the receipt or bill.

6.     Father shall keep all tangible personal property in his possession. Father shall keep any automobile  in his possession and be solely expensive for its costs and indebtedness.

7.     Mother shall keep all of the dental practice related equipment in the current dental practice location, except for one small x-ray machine the choice of which to keep to be Father's. The parties shall equally divide any fungible or disposable dental supplies and medications. Not later than August 1, 2013 Father shall completely vacate and remain away from the dental practice and the real property located at and known as 77 Pond Avenue condominium Unit NR1 (also known as Units 102 and 103), Brookline, Massachusetts. Mother shall be permitted to continue the dental practice at that location using the current name of the practice "Brookhouse Dental" or its equivalent. Any accounts receivable shall be payable to the parties pursuant to their respective billing provider numbers.

8.     Mother shall keep all the tangible personal property in her possession including any automobile and be solely responsible for its costs.

9.     The parties shall each be responsible to provide and pay for his and her own medical insurance coverage. Whether or not Sepideh is covered by MassHealth the parties shall equally be responsible to pay any of her uninsured medical expenses. If and when Sepideh is no longer eligible as a Social Security dependent of Father for MassHealth, then Mother shall be responsible to provide and pay for Sepideh's health insurance but Father shall be responsible to reimburse Mother one-half of Mother's costs for coverage. Mother shall send to Father each month proof of payment of the medical insurance coverage cost for Sepideh (whether Mother provides Sepideh separate coverage or as part of a family plan coverage) and Father shall, within ten days after Mother sends him such proof, pay to Mother one-half of the cost to Mother.  The parties shall equally share the cost of any uninsured medical expenses for Sepideh. Each party shall provide to the other within 10 days after incurring such expense for Sepideh the receipt or bill demonstrating the uninsured portion and demand for payment from the service provider and the other party shall pay his or her equal share to the other party  within 10 days after receiving same. "Medical expenses" shall include medical, dental and vision expenses.

10.     The parties shall file separate income tax returns for 2012 and each year thereafter. The parties shall equally share any business deductions. Mother shall be entitled to claim Sepideh as income tax exemption for each year as long as Sepideh so qualifies. . The parties shall cooperate in signing and providing to the other the necessary federal or state income tax forms to claim the exemptions.

11.   Mother shall retain and have the following real property and any interests therein, including parking spaces if any, the total equity value being $1,017,923):
     99 Pond Avenue condominium unit 406, Brookline, Massachusetts (value $390,000, mortgage $32,077, equity value $357,923)

77 Pond Avenue condominium unit "NR1", Brookline, Massachusetts (the dental practice) (value $660,000, no mortgage)

12.  Father shall retain and have the following real property and any interests therein, the total equity value being $915,000):
    77 Pond Avenue condominium unit 201, Brookline, Massachusetts (the former marital residence) (value $525,000, no mortgage)
    77 Pond Avenue condominium unit 406, Brookline, Massachusetts (titled in the name of Father's sister Fatemeh) (value $390,000, no mortgage)

13.  The Court notes that the difference in real estate values hereinabove divided favors Mother in the amount of $102,923 (52.66 % for Mother compared to 47.34% for Father. The Court finds this equitable given that Mother alone provided all the funds ($185,000) to initially purchase the parties' first real estate in 1993 before they married which was subsequently sold and the proceeds thereafter used to purchase other marital real property. The Court further notes that Mother alone provided all ($19,125) of the funds to purchase the parties' dental practice in 1992 before they married. The Court notes also that Mother did the overwhelming majority of child care and homemaking during the marriage and provided significant personal care to Father to the extent home health aides were not needed until 2004.  This division approximates the request made by Mother in her proposed judgment.

14.  Mother shall retain her bank funds in the amount of about $41,490.

15.  Father shall retain his retirement accounts in the amount of about $56,000.

16.  Not later than thirty days after this Judgment, Father shall pay to Mother the amount of $104,848 (one-half the $3,600 Mother paid for Sepideh's  neuropsychological testing, plus one-half the $600 Mother paid for Sepideh's college test prep, plus one-half the $50,500 value of the two unaccounted for Persian rugs, plus one-half of Mother's $24,996 2011 income tax liability, plus one-half of the $130,000 net withdrawals unilaterally made by Father from marital funds between July 2010 and January 2012. The Court does not award Father any additional funds for any handicap access renovations he may have to implement or equipment he may have to purchase at a new dental practice location, considering his other certain sources of income including rental income as well as his unexplained withdrawals of $130,000.

17.  The parties, either jointly, as tenants in common, trust beneficiaries or as whatever interest holders they may be, shall retain and equally have and own the real property located at 33 Pond Avenue, condominium unit 1008, Brookline, Massachusetts which they shall use, either by sale or by pledging as collateral, for the undergraduate college education expenses of Sepideh. Not later than five years after the date of Sepideh's high school graduation, the real estate, if it has not yet been sold, shall be sold and the parties shall equally share any net proceeds. If the property was sold before or during the course of Sepideh's college attendance, then any remaining sale proceeds and growth thereon shall be distributed equally to the parties within thirty days after the five years date after Sepideh's high school graduation.

18.  The parties shall cooperate to prepare and execute any and all documents, deeds, instruments  and recordings to effect the division of the marital property as ordered above. The parties shall equally share the costs including attorney and recording fees. Mother may choose legal counsel of her choice to prepare any such documentation. The division of the marital real property shall be accomplished not later than thirty days after

this Judgment.

19.  Not later than thirty days after this Judgment, Father shall pay to Mother the amount of $25,000 as her attorney fees.


**SO ORDERED AND ADJUDGED.**


_7/8/13_
/Date

_George F. Phelan_
GEORGE F. PHELAN, JUDGE
NORFOLK PROBATE AND FAMILY COURT

Forecourt Paragon ®

THIS CASE CONTAINS IMPOUNDED MATERIAL OR PID

07/17/2018
1:28 pm

## Commonwealth of Massachusetts
### APPEALS COURT
### FOR THE COMMONWEALTH
Docket Sheet

**2014-P-1746**
**Kayoko Obara v Javad Ghoreisha**

| DATE | P# | ENTRY |
|------|----|-------|
| 03/07/2016 | 13 | Decision: Rule 1:28 So much of the judgment dated July 8, 2013, that orders division of property is vacated, and that matter is remanded to the Probate and Family Court for further proceedings and findings, and if appropriate, redistribution of the property consistent with the memorandum and order of the Appeals Court. So much of that judgment ordering attorney's fees is vacated, and that matter is remanded for further proceedings and findings consistent with the memorandum and order of the Appeals Court. So much of that judgment ordering the husband to pay child support from May, 2011, to the date of trial is vacated. In all other respects, the judgment dated July 8, 2013, is affirmed.

The judgment dated December 12, 2013, is affirmed.

The order dated January 29, 2014, awarding attorney's fees is vacated.

The case is remanded to a different Probate and Family Court judge. (Cypher, Trainor, Blake, JJ.). *Notice. |
| 04/04/2016 | | RESCRIPT to Trial Court. |

Obara v. Ghoreisha, 46 N.E.3d 598 (2016)

46 N.E.3d 598 (Table)
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.
Appeals Court of Massachusetts.
Kayoko OBARA
v.
Javad GHOREISHA.[1]

[1] While the correct spelling of the husband's name appears to be "Ghoreishi," we have docketed the appeal under the title given to the action in the Probate and Family Court. See Mass.R.A.P. 10(a)(3), as amended, 378 Mass. 937 (1979).

No. 14–P–1746.
|
March 7, 2016.

**Synopsis**
**Background:** Husband appealed from decision of the Probate and Family Court dividing marital property and awarding legal fees to wife in connection with both the divorce and the contempt actions.

**[Holding:]** The Appeals Court held that case would be remanded because trial court, when awarding parties' joint dental practice to wife, failed to consider the impact of disabled husband's relocation on his employability and his opportunity for future acquisition of capital assets and income.

So ordered.

West Headnotes (4)

[1]   **Divorce**
⇐Spousal Support
**Divorce**
⇐Division and Distribution in General

Divorce case would be remanded because trial court, when awarding parties' joint dental practice to wife, failed to consider the impact of disabled husband's relocation on his

employability and his opportunity for future acquisition of capital assets and income, both of which were mandatory factors under statute governing alimony and distribution of property. M.G.L.A. c. 208, § 34.

Cases that cite this headnote

[2]   **Child Support**
⇐Time of Taking Effect in General

Where the husband did not receive notice of the wife's request for child support until the trial, the judge erred in entering a retroactive order. M.G.L.A. c. 119A, § 13(a).

Cases that cite this headnote

[3]   **Divorce**
⇐Hearing and Determination
**Divorce**
⇐Attorney Fees and Costs

Attorney fee award in divorce action would be vacated, and case would be remanded, since trial judge provided no explanation for his decision to award attorney fees to wife and judge did not conduct an inquiry as to whether the fees sought by wife were reasonable. M.G.L.A. c. 208, § 38.

Cases that cite this headnote

[4]   **Divorce**
⇐Findings and Verdict

Attorney fee award to wife in contempt action would be vacated, and case would be remanded, since the judge's order contained no explanation as to the basis for the fee award and the order did not contain any indication that the judge considered the reasonableness of the attorney fees. M.G.L.A. c. 215, § 34A.

Cases that cite this headnote

By the Court (CYPHER, TRAINOR & BLAKE, JJ.[2]),

[2]    The panelists are listed in order of seniority.

*MEMORANDUM AND ORDER PURSUANT TO RULE 1:28*

**\*1** In this consolidated appeal from a divorce judgment dated July 8, 2013, and a contempt judgment dated December 12, 2013, and a resulting order for fees dated January 29, 2014, entered in the Probate and Family Court, Javad Ghoreisha (husband) challenges aspects of the property division, the child support order, and the award of legal fees to Kayoko Obara (wife) in connection with both the divorce and the contempt actions. We address the husband's arguments in turn.[3]

[3]    The wife did not file a brief.

**[1]  1. *The property division.*** The husband principally challenges the award of the parties' joint dental practice (including the office condominium and most of the equipment) to the wife. The husband, who is wheelchair-bound due to multiple sclerosis, contends that the wife's receipt of the handicap-accessible office effectively prevents him from continuing his employment as a dentist.

"In reviewing a judge's decision under G.L.c. 208, § 34, we use a two-step analysis." *deCastro v. deCastro*, 415 Mass. 787, 791–792, 616 N.E.2d 52 (1993), citing *Bowring v. Reid*, 399 Mass. 265, 267, 503 N.E.2d 966 (1987). "We first determine whether the judge considered all the § 34 factors, and no others.... We then evaluate whether the conclusions follow from the findings and rulings." *deCastro, supra* at 792, 616 N.E.2d 52. "A division of marital property which is supported by findings as to the required factors will not be disturbed on appeal unless 'plainly wrong and excessive.' "*Passemato v. Passemato*, 427 Mass. 52, 57, 691 N.E.2d 549 (1998), quoting from *Helns v. Ledis*, 422 Mass. 477, 481, 664 N.E.2d 10 (1996).

During their long-term marriage, the parties successfully operated a joint dental practice in an office condominium located in the same complex as their home. The parties renovated both the home and the dental office to accommodate the husband's physical disabilities. These renovations, as found by the judge, included widening the office entrances and patient rooms, lowering the cabinets and laboratory benches, installing a handicapped toilet, and generally "making the office more accessible" to the husband. The judge credited the husband's "testimony that the multiple sclerosis does not affect him very much in his upper body" and that "[t]here is no effect on his mental acuity." The judge found there to be "nothing about [the husband's] present condition that prevents him from continuing to practice dentistry." The judge further found that, in the year prior to trial, the parties treated approximately the same number of patients.

At the time of their separation, the parties agreed that the husband would remain in the handicap-accessible home. They further agreed to share the dental office pursuant to a schedule designating specific work days to each party. The husband sought to preserve that arrangement, while the wife sought sole ownership of the dental office as she could no longer "envision the parties working cooperatively ... in the same location."[4]

[4]    The judge found the husband "deviated" from the "schedule numerous times" by working on days "designated solely to [the wife,]" and "[a]lthough [his] presence ... did not affect the patients or the dental assistants, [he] displayed a lack of respect to [the wife] in front of the staff."

The judge concluded that it was "not viable to separate the dental office space into two separate offices" and awarded the dental office to the wife. The judge found that the wife derived the majority of her income from her dental practice, "which would be interrupted for an unknown time period" if she were required to relocate. In contrast, the judge found that the husband "has two definite and fixed sources of income (Social Security disability and private insurance disability) as well as rental income which should continue unabated if he were to relocate his dental practice." The judge noted that while "[n]either party offered any evidence to demonstrate the cost" of relocation, moving the husband's dental practice "would require extensive handicap accommodations." The judge further acknowledged that the husband "has no plans to move his dental practice if he cannot use the current office space."

**\*2** Notably absent from the judge's findings is any

Obara v. Ghoreisha, 46 N.E.3d 598 (2016)

consideration of the impact of the husband's relocation on his "employability" and his "opportunity ... for future acquisition of capital assets and income," both of which are mandatory factors under G.L. c. 208, § 34, as amended by St.2011, c. 124, § 2. Because the judge's findings do not meaningfully address those two factors, a remand is necessary "for that reason alone." *Charrier v. Charrier,* 416 Mass. 105, 111, 616 N.E.2d 1085 (1993).

Moreover, it is difficult to perceive how, on this record, the award of the handicap-accessible office to the able-bodied wife could be deemed equitable. It is especially perplexing since the husband was awarded the handicap-accessible home located in the very same condominium complex as the dental office. Here, we cannot say that the judge's "reasons for his conclusions are 'apparent and flow rationally' from his findings and rulings." *Baccanti v. Morton,* 434 Mass. 787, 790, 752 N.E.2d 718 (2001), quoting from *Williams v. Massa,* 431 Mass. 619, 631, 728 N.E.2d 932 (2000).

Accordingly, we vacate so much of the divorce judgment that orders division of property and remand the matter for further proceedings and findings, and, if appropriate, redistribution of the dental practice, permitting revisitation of the distribution of other assets to the extent necessary to effectuate an equitable division on remand.

2. *The child support order.* In the divorce judgment, the judge ordered the husband to pay child support to the wife in the amount of $627 per month, retroactive to May, 2011.[5] The husband contends that it was error to make his child support obligation retroactive since the wife did not request any child support until the time of trial.[6]

[5]    The $627 amount was consistent with the monthly social security dependency benefit the husband was receiving on behalf of the parties' child.

[6]    As for the husband's claim that the judge was precluded from ordering support to continue after the termination of the child's social security dependency benefit at age nineteen, he offers no legal authority to support this contention. A judge may order postminority support "that continues until a child is emancipated (as defined by the statutory framework), by virtue of continued dependency on and domicile with a custodial parent. This is particularly so when it is apparent from the facts of the case that the parties anticipate that their children will be attending college and thus likely will not be emancipated when they reach the age of majority." *Tatar v. Schuker,* 70 Mass.App.Ct. 436, 446, 874 N.E.2d 481 (2007) (citations omitted).

[2] "We review child support orders ... to determine if there has been a judicial abuse of discretion." *J.S. v. C.C.,* 454 Mass. 652, 660, 912 N.E.2d 933 (2009), quoting from *Department of Rev. v. C.M.J.,* 432 Mass. 69, 75, 731 N.E.2d 501 (2000). Here, where the husband did not receive notice of the wife's request for child support until the trial, the judge erred in entering a retroactive order. See G.L. c. 119A, § 13(a); *Smith–Clarke v. Clarke,* 44 Mass.App.Ct. 404, 405–406, 691 N.E.2d 596 (1998). Accordingly, so much of the divorce judgment that orders the husband to pay retroactive child support from May, 2011, to the date of trial is vacated.[7]

[7]    The husband further asserts that the "purpose" of the child support order was "to financially decimate" him. This claim does not rise to the level of appellate argument contemplated by Mass.R.A .P. 16(a)(4), as amended, 367 Mass. 921 (1975); thus we do not consider it. See *K.A. v. T.R.,* 86 Mass.App.Ct. 554, 567, 18 N.E.3d 1107 (2014).

[3] 3. *The award of attorney's fees in the divorce judgment.* The husband contends that the judge abused his discretion by awarding the wife $25,000 in attorney's fees without providing any explanation for his decision. It is well-settled that judges have discretion to award attorney's fees in domestic relations cases. See G.L. c. 208, § 38; *Hoegen v. Hoegen,* 89 Mass.App.Ct. 6, 12, 43 N.E.3d 718 (2016). In awarding fees to one party, the judge must consider several factors, including "the reasonableness of the fees and the other party's ability to pay." *Caccia v. Caccia,* 40 Mass.App.Ct. 376, 381, 663 N.E.2d 1246 (1996), citing *Kane v. Kane,* 13 Mass.App.Ct. 557, 560–561, 434 N.E.2d 1311 (1982). In the present case, the judge provided no explanation for his decision to award fees to the wife. Moreover, the judge did not conduct an inquiry as to whether the fees sought by the wife were reasonable. Accordingly, so much of the divorce judgment that awards attorney's fees is vacated, and the matter is remanded for further proceedings and findings. See *Caccia, supra; Hoegen, supra.*

*3 [4] 4. *The award of attorney's fees in connection with the contempt action.* The divorce judgment sets forth specific deadlines for the husband to vacate the dental practice and to make certain payments to the wife. Those deadlines were temporarily stayed by this court pending a ruling on the husband's motion to stay filed in the Probate and Family Court. The judge ultimately denied the husband's request for a stay, and the wife filed a complaint for contempt shortly thereafter. The parties

Obara v. Ghoreisha, 46 N.E.3d 598 (2016)

entered into a stipulation resolving all of the issues raised in the contempt complaint, while reserving the wife's motion for legal fees for hearing before the judge. The judge awarded the wife $9,115 in attorney's fees and costs related to pursuing her contempt complaint. The husband contends that the judge abused his discretion in making such an award.

Under G.L. c. 215, § 34A, there is "a presumption in favor of an award of reasonable fees and costs for a successful plaintiff in a contempt action." *Coppinger v. Coppinger,* 57 Mass.App.Ct. 709, 714, 785 N.E.2d 1251 (2003). However, "the judge should state specifically in the judgment whether or not [he] is adjudging the defendant guilty of contempt for purposes of G.L. c. 215, § 34A." *Poras v. Pauling,* 70 Mass.App.Ct. 535, 544, 874 N.E.2d 1127 (2007). In this case, neither the judgment incorporating the parties' stipulation, nor the subsequent order granting the wife's motion for fees, contained an "express finding" of contempt against the husband. *Id.* at 541, 874 N.E.2d 1127. While certain circumstances may warrant an award of fees despite the lack of a formal contempt finding, see *Cooper v. Cooper,* 62 Mass.App.Ct. 130, 143–144, 815 N.E.2d 262 (2004), here the judge's order contains no explanation as to the basis for the fee award. Moreover, the order does not contain any indication that the judge considered the reasonableness of the fees. See *Olmstead v. Murphy,* 21 Mass.App.Ct. 664, 665, 489 N.E.2d 707 (1986) (discussing relevant factors judge should consider when setting fee award). Accordingly, the order dated January 29, 2014, awarding fees to the wife is vacated.[8]

8      Given the lack of a contempt finding, we need not reach the husband's argument that there was insufficient evidence to support such a finding.

*Conclusion.* So much of the judgment dated July 8, 2013, that orders division of property is vacated, and that matter is remanded to the Probate and Family Court for further proceedings and findings, and if appropriate, redistribution of the property consistent with this memorandum and order. So much of the judgment that orders attorney's fee is vacated, and that matter is remanded for further proceedings and findings consistent with this memorandum and order. So much of the judgment that orders the husband to pay child support from May, 2011, to the date of trial is vacated. In all other respects, the judgment dated July 8, 2013, is affirmed. The judgment dated December 12, 2013, is affirmed. The order dated January 29, 2014, awarding the wife attorney's fees is vacated.[9] Because we think that a fresh look would be appropriate, the case is remanded to a different Probate and Family Court judge.

9      To the extent that we do not address the husband's other arguments, "they 'have not been overlooked. We find nothing in them that requires discussion.' " *Department of Rev. v. Ryan R.,* 62 Mass.App.Ct. 380, 389, 816 N.E.2d 1020 (2004), quoting from *Commonwealth v. Domanski,* 332 Mass. 66, 78, 123 N.E.2d 368 (1954).

**\*4 So ordered.**

**All Citations**

46 N.E.3d 598 (Table), 2016 WL 859281

---

End of Document                    © 2016 Thomson Reuters. No claim to original U.S Government Works.

Bk 32057 Pg168 #8861
02-04-2014 a 10:21a

*77 POND · NR-1*

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA

**Quitclaim Condominium Unit Deed**

CERTIFY

*William P O'Donnell*
WILLIAM P. O'DONNELL, REGISTER   *and*

*H*
*DIVORCE*
*P478*
*478A*

S. Javad Ghoreishi and Kayoko Obara, formerly as Husband and Wife and
now as, tenants in common, of Brookline, Massachusetts, for consideration paid
and in full consideration of less than One Hundred ($100) Dollars and other
consideration per the parties' divorce judgment dated July 9, 2013, hereby grants
Kayoko Obara, individually of Unit 406, The Brook House Condominium. 99
Pond Avenue, Brookline, Massachusetts, with Quitclaim Covenants, the land in
Brookline, Norfolk County, Massachusetts, all as more specifically described on
Exhibit A attached hereto and incorporated herein by reference. The address of the
unit conveyed hereby is 99 Pond Avenue, Brookline, Massachusetts.
*EXHIBIT - A - 77 POND AVE ± NR-01 + P478*
*P478A*

Executed as an instrument under seal this ___12___ day of December, 2013.

Grantor: Kayoko Obara

Grantor: S. Javad Ghoreishi

Dated: *December 12, 2013*

Dated: *December 17, 2013*

1820155.1

*3*

Bk 32057 Pg169 #8861

**Commonwealth of Massachusetts**

Norfolk_____ County

On this __12__th day of December, 2013, before me the undersigned notary public, personally appeared the above-named Kayoko Obara, and provided to me through satisfactory evidence of identification, which was a Massachusetts Driver's License, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that she signed it voluntarily for its said purpose.

Notary Public: Pasquale DeSantis
My Commission Expires: 3/28/18

**Commonwealth of Massachusetts**

Norfolk_____ County

On this __12__th day of December, 2013, before me the undersigned notary public, personally appeared the above-named S. Javad Ghoreishi, and provided to me through satisfactory evidence of identification, which was _Personally known to me_, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its said purpose.

Notary Public: Pasquale De Santis
My Commission Expires: March 23, 2018

PASQUALE DeSantis
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
March 23, 2018

1820155.1

Bk 32057 Pg170 #8861

EXHIBIT "A"

Property in Brookline known as Unit No. 77-NR-01 ("the Unit"), of the Brook House Condominium (the "Condominium") located at 33 Pond Avenue, 77 Pond Avenue, 99 Pond Avenue, 44 Washington Street and 55 Washington Street, Brookline, Norfolk County, Massachusetts which Condominium was created pursuant to M.G.L. Chapter 183A by the recording of a Master Deed (the "Master Deed") dated May 28, 1981, and recorded with the Norfolk District Registry of Deeds in Book 5875, Page 543 and as amended from time to time of record.

Said Unit is not a residential unit and may not be used for residential purposes.

Said Unit is shown on the floor plans of the Building recorded with the Master Deed and on the Unit Plan recorded with the First Unit Deed.

The Unit is conveyed with the exclusive right and easement to use Tandem Parking Spaces 478 and 478A.

The Unit is conveyed together with a 0.1153% undivided interest in the common areas and facilities as defined and described in the Master Deed and the exclusive right to use those Common Areas and Facilities appurtenant to said Unit as set forth in the Master Deed.

The unit is subject to and has the benefit of all rights, easements, agreements, restrictions, interests and provisions contained in the Master Deed, the Brook House Condominium Trust and the Rules and Regulations and By-Laws adopted pursuant thereto, as any of the same may be amended from time to time pursuant to the provisions thereto, as any of the same may be amended from time to time pursuant to provisions thereof, as well as the provisions of Chapter 183A of the Massachusetts General Laws as the same may be amended from time to time. Said unit and parking space are also conveyed subject to all matters of record.

For Grantor's title see deed dated March 28, 1997 and recorded with Norfolk Deeds in Book 11767, Page 559.

1820155.1

287-14-73

Bk 32057 Pg164 #8860
02-04-2014 @ 10:21a

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA

CERTIFY
*William P O'Donnell*
WILLIAM P. O'DONNELL, REGISTER

**UNIT DEED**

**BROOK HOUSE CONDOMINIUM (WITH PARKING)**

DIVORCE

**GRANTOR:** S. JAVAD GHOREISHI AND KAYOKO OBARA, formerly Husband and Wife, and presently as tenants in common, of Brookline, Massachusetts.

**GRANTEE:** KAYOKO OBARA, individually of 99 Pond Avenue, #406, Brookline, MA

**UNIT:** 77-201    Percentage Interest:  0.1998%          *NO RE*

Area: 1565 square feet        *257-16-76   284 14-02   NO RE*

**PARKING SPACE:** P563D (ALSO KNOWN AND NUMBERED AS P563 & P563A)

**CONSIDERATION:** Less than One Hundred ($100.00) Dollars and other consideration per the parties' Divorce Agreement dated July 9, 2013.

GRANTOR, owner of the UNIT described above in the Brook House Condominium created by Master Deed dated May 28, 1981, and recorded May 29, 1981 with the Norfolk County Registry of Deeds (the "Registry"), Book 5875, Page 543, as amended by First Amendment to Master Deed dated May 17, 1984 and recorded May 29, 1984, with the Registry in Book 6408, Page 487, as amended by Second Amendment Master Deed of Brook House Condominium dated May 24, 1985 and recorded June 3, 1985 in Book 6686, Page 644 and as amended by Third Amendment to Master Deed dated as of March 24, 1986 and recorded April 9, 1986 with the Registry in Book 7009, Page 405 in accordance with the provisions of G.L. ch. 183A, grants the UNIT to GRANTEE with QUITCLAIM COVENANTS for the CONSIDERATION stated above

The UNIT contains the approximate AREA and has the post office address set forth above and is laid out as shown on plans recorded with the deed of Brook House Associates and CBK Brook House I Limited Partnership dated January 16, 1984 and recorded with the Registry, Book 6324, Page 7, which are copies of portions of the plans recorded with the Master Deed and to which is affixed a verified statement in the form provided for in G.L. ch. 183A, Section 9.

The UNIT is conveyed together with the above listed PERCENTAGE INTEREST (a) in the common areas and facilities of the Condominium, as described in the Master Deed, and (b) in the Brook House Condominium, recorded with the Registry, Book 5875, Page 605, as amended

1820156.1

by First Amendment to Declaration of Trust dated May 17, 1984, recorded May 29, 1984, with the Registry in Book 6408, Page 560, and by Second Amendment to Declaration of Trust dated January 15, 1986 and recorded with the Registry on January 31, 1986 in Book 6940, Page 59.

All units identified by the letters "NR" (for example, 44-NR-01) and all units hereafter created within the areas occupied by such "NR" units, may be used for professional offices, retail stores and any other nonresidential purposes permitted from time to time under the Brookline Zoning By-Laws. All other units shall be used solely for residential purposes and such purposes accessory thereto as are permitted from time to time under the Brookline Zoning By-Laws.

The UNIT is conveyed together with the right and easement to the exclusive use of the PARKING SPACE(S) stated above and as shown on the plans recorded with the Master Deed as amended, for parking purposes during the existence of the Condominium but all such rights to use the PARKING SPACE(S) shall end upon the permanent withdrawal of the Condominium premises from the condominium status. The term "parking purposes" shall not, except with respect to the parking area shown on Sheet 3 of the plans recorded with the Master Deed (as amended), include the parking of trucks, vans or commercial vehicles of any kind, without the express written consent of the Condominium Trust. Such parking rights shall be fully transferrable solely among and between Unit Owners and may be transferred to and from the Condominium Trust, provided that the transfer of any parking rights shall not be effective until an instrument evidencing such transfer has been duly recorded with the Registry. In the event that any person or entity (other than the Condominium Trust) to which the right and easement to use the PARKING SPACE(S) has been conveyed does not own a unit in the Condominium, such right and easement to use the PARKING SPACE(S) shall automatically vest in the Condominium Trust, and the Condominium Trust shall thereupon, for all purposes, be the owner of such right and easement. The PARKING SPACE(S) may not be leased except to an occupant of a unit in the Condominium on a yearly or on a month-to-month basis, for use by that occupant and his or her guest. The parking easement hereby granted is conveyed subject to an agreement dated March 3, 1977 by and between the Brookline Redevelopment Authority, Brook House Associates and Brookline Cooperative Housing, Inc. recorded with the Registry in Book 5420, Page 295.

The GRANTEE acquires the UNIT and the PARKING SPACE(S) with the benefit of, and subject to, the provisions of G.L. ch. 183A, relating to condominiums, as that statute is

1820156.1

written as of the date hereof and as it may hereafter be amended, the Master Deed and Condominium Trust referred to above, as amended , and any by-laws and rules and regulations from time to time adopted thereunder, and all matters of record stated or referred to in the Master Deed as completely as if each were fully set forth herein; and subject to real estate taxes attributable to the UNIT which are not yet due and payable.

For GRANTOR'S title, see Deed dated January 30, 1996 and recorded with the Norfolk Registry of Deeds in Book 11206, Page 114.

Executed as an instrument under seal this _____ day of December, 2013.

Grantor: Kayoko Obara

Grantor: S. Javad Ghoreishi

Dated: Dec. 12. 2013

Dated: 12/12/2013

**Commonwealth of Massachusetts**

Norfolk _____ County

On this 12 th day of December, 2013, before me the undersigned notary public, personally appeared the above-named Kayoko Obara, and provided to me through satisfactory evidence of identification, which was a Massachusetts Driver's License, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that she signed it voluntarily for its said purpose.

Notary Public: Pasquale DeSantis
My Commission Expires: 3/28/18

PASQUALE DeSANTIS
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
March 23, 2018

1820156.1

4

## Commonwealth of Massachusetts

_Norfolk_____ County

On this _12_th day of December, 2013, before me the undersigned notary public, personally appeared the above-named S. Javad Ghoreishi, and provided to me through satisfactory evidence of identification, which was _Person known to me_, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its said purpose.



Notary Public: _Pasqual De Santis_
My Commission Expires: _March 23. 2018_

PASQUALE DeSANTIS
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
March 23, 2018

1820156.1

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

SUFFOLK, SS

HOUSING COURT DEPARTMENT
EASTERN DIVISION
Docket No. 18-SP-001

**************************************
Javad Ghoreishi                          *
PLAINTIFF                                *
                                         *
                                         *
          v.                             *
                                         *
                                         *
                                         *
Devon Hincapie and Juan Hincapie        *
DEFENDANTS                               *
**************************************

HOUSING COURT DEPT.
EASTERN DIV.
A TRUE COPY
ATTEST:

_Michael Neville_
ACTING CLERK MAGISTRATE
DATE ____1-16-20____

## <u>FINDINGS OF FACT, RULINGS OF LAW,</u>
## <u>AND ORDER FOR JUDGMENT</u>

This is a summary process action in which Plaintiff Javad Ghoreishi ("Plaintiff") is seeking to recover possession of the condominium unit he manages at 77 Pond Avenue, Apt. 406, Brookline, Massachusetts (the "premises") from Defendants Devon Hincapie and Juan Hincapie ("Defendants") and monetary damages based on Defendants' failure to pay rent. Defendants filed a written Answer and Counterclaims. All parties appeared at a trial on the merits which was held on April 19, 2018 and were self-represented.

Based upon all the credible testimony and evidence presented at trial, and the reasonable inferences drawn therefrom, the Court finds as follows: The premises is located within a large multi-unit complex consisting of hundreds of individually owned condominiums managed by a condominium trust. There is no dispute that Plaintiff manages the unit for the owner, Mohammad Kochak ("Owner"), and performs management duties such as collecting rent,

1

negotiating leases, and serving as the point of contact for Defendants for any issues related to the premises. Defendants moved into the premises in February 2011 and entered into a lease agreement ("Lease") with the Owner which renewed multiple times. See Exhibit 1. The Lease in effect at the time of trial expires on June 30, 2018. See Exhibit 1. The current monthly rent is $3,150.00 and is due on the first day of each month. See Exhibit 1. On or about February 13, 2018, Plaintiff caused a 14-day notice to quit based on nonpayment of rent for the months of January and February 2018 to be served on Defendants. See Exhibit 2. There is no dispute that no rent has been paid since December 2017 bringing the total amount of unpaid rent to $12,600.00 as of the date of trial.

## COUNTERCLAIMS

Defendants asserted affirmative defenses and counterclaims pursuant to G. L. c. 239 § 8A which provides that where a tenancy has been terminated for non-payment of rent or without fault of the tenant, the tenant "shall be entitled to raise by defense or counterclaim any claim against the Plaintiff relating to or arising out of such property, rental, tenancy or occupancy for breach of warranty, for a breach of any material provision of the rental agreement, or for a violation of any other law." Defendants filed the following counterclaims: retaliation, breach of warranty of habitability; breach of quiet enjoyment; and violation of the consumer protection law.[1]

Defendant Devon Hincapie testified that all of the remaining counterclaims stem from the smell of marijuana which permeates the premises as a result of what she believes is regular marijuana use by her neighbors. She testified that there is a no smoking policy in the building.

**HOUSING COURT DEPT.**
**EASTERN DIV.**
**A TRUE COPY**
**ATTEST:**

---

[1] Defendants further filed counterclaims related to the mishandling of their security deposit and last month's rent. Those claims mirror claims they filed against Plaintiff in a small claims action in the Housing Court, Eastern Division (Docket No. 18-SC-03). A small claims trial took place on April 2, 2018 and as of the date of the summary process trial the decision was still pending. All claims related to the mishandling of the security deposit and last month's rent are therefore dismissed in this action.

2    *Michael Neville*
**ACTING CLERK MAGISTRATE**
**DATE** 1-16-20

She testified that she is certain that the smell is coming from her neighbor's unit who resides just below the premises in Unit 306. She testified that despite repeatedly complaining since 2016 about the smell to Plaintiff, management and security for the building, and to the Brookline Police Department, the smell continues. She testified that the smell is often so offensive that she and her family have to leave the premises in the evenings. She testified that the smell has impacted her emotional and physical health.

Defendant Juan Hincapie testified that the smell of smoke has had a severe impact on his life and the well-being of his family. He testified that he feels he cannot stay in his apartment, he feels physically ill and depressed. He testified that he cannot understand why no action has been taken against the residents of Unit 306 despite numerous and ongoing complaints as to the impact their smoking is having on his health and the health and well-being of his family. He testified that at some point he witnessed the residents of Unit 306 smoking on their balcony. He testified that he confronted Plaintiff about the problem and showed Plaintiff a video of the neighbors smoking on the balcony. He testified that Plaintiff stated that the individual in the video is a friend of his who does not smoke. Mr. Hincapie further testified that Plaintiff threatened him after viewing the video.

Plaintiff testified that he investigated Defendants' allegations of ongoing marijuana smoking by the residents of Unit 306. He testified that he obtained a report from security at the premises, as to their observations of the allegations. Plaintiff testified that the security department is part of the management company and the condominium trust. Security indicated to Plaintiff that there have been observations of smoke emissions from the back of the building but that the could identity of the person(s) smoking could not be ascertained. Security informed Plaintiff that a letter was distributed to all residents of the building reminding them of the no smoking policy. See Exhibit 9. Plaintiff testified that he does not manage Unit 306 and therefore has no ability to take action against the residents of that unit or any other unit, or to

3

HOUSING COURT DEPT.
EASTERN DIV.
A TRUE COPY
ATTEST:

*Michael Neville*
ACTING CLERK MAGISTRATE
DATE 1-16-20

force management to do anything more than they have done.

**1. Breach of Warranty**

Where the defense or counterclaim is based upon the condition of the premises or services provided to the premises by the landlord, the tenant is entitled to relief under this section only if: (1) the landlord knew or should have known of the condition before the tenant was in arrears in his rent; (2) the landlord does not show that the tenant caused the condition; and (3) the landlord does not show that the conditions cannot be remedied unless the premises are vacated. A landlord is in breach of the warranty if defects exist that may materially affect the health or safety of the occupants. *Boston Housing Authority v. Hemingway, 363 Mass. 184, 199 (1973).*

Defendants claim that the smell of the marijuana enters the premises due to defective or leaky windows, walls and/or floor. Other than Defendants' testimony as to their belief that the windows, walls and floors are defective, no other evidence was presented in support of the those allegations. While Defendants may have a theory as to the reason for the infiltration of the marijuana smell, the Court finds in favor of Plaintiff as to the breach of warranty claim as there was no credible evidence provided in support of Defendants' theory that the windows, walls and floors are defective. While Plaintiff has been on notice of the smell of marijuana at the premises for nearly two years, the Court finds that he has taken reasonable steps to investigate the problem which yielded no specific, independent corroboration of Defendants' identification of the source of the smell.

**2. Breach of Quiet Enjoyment (G.L. c. 186, §14)**

Defendants further contend that Plaintiff directly or indirectly interfered with their quiet enjoyment of the premises as a result of his failure to attempt to alleviate the smell of marijuana at the premises. G.L. c. 186, §14 provides, in pertinent part: "Any lessor or landlord of any building or part thereof occupied for dwelling purposes... who directly or indirectly interferes with the quiet enjoyment of any residential premises by the occupant... shall be liable

HOUSING COURT DEPT.
EASTERN DIV.
A TRUE COPY
ATTEST:

ACTING CLERK MAGISTRATE
DATE  1-16-20

4

for actual and consequential damages, or three month's rent, whichever is greater, and the costs of the action, including a reasonable attorney's fee, all of which may be applied in setoff to or in recoupment against any claim for rent owed or owing..." The implied covenant of quiet enjoyment guarantees tenants the righ to be free from "serious" interferences with their tenancies. See *Jablonski v. Clemons*, 60 Mass. App. Ct. 473, 476 (2004). To support the imposition of liability for violation of quiet enjoyment, there must be a showing of "at least" negligent conduct on the part of the landlord. See *Al-Ziab v. Mourgis*, 424 Mass. 847 (1997). Defendants bears the burden of proof with respect to their defenses and counterclaims. See *Winn Management, managing agent for Boston Housing Authority Eva White Apartments v. Bartosz Wegierkiewicz*, Housing Court, Eastern Division, Docket No. 15-SP-4292, (January 20, 2016) (Muirhead, J.).

The Court credits Plaintiff's testimony as to steps he took to address Defendants' complaints and as to the limitations he has with regard to taking further action against the residents who reside in Unit 306. He requested independent verification of the source of the marijuana smell from the security department and despite numerous attempts, could not identify the source of the smoke. The Court finds that while the smell of smoke may be serious in nature, Defendants have not established that Plaintiff has been negligent and therefore finds in favor of Plaintiff on Defendants' breach of warranty claim.

**3. Retaliation**

Defendants claim that Plaintiff filed the present action against them in retaliation for their complaining as to the smell of marijuana at the premises as a result of their filing a small claims action against Plaintiff based on Plaintiff's failure to comply with G.L. c. 15B as it relates to their payment of a security deposit and last month's rent.

G.L. c. 239, §2A provides, in pertinent part: "It shall be a defense to an action for summary process that such action or the preceding action of terminating the tenant's tenancy

HOUSING COURT DEPT.
EASTERN DIV.
A TRUE COPY.
ATTEST:

*Michael a. Neville*

ACTING CLERK MAGISTRATE
DATE ___1-16-20___

was taken against the tenant for the tenant's act of commencing, proceeding with, or obtaining relief in any judicial or administrative action the purpose of which action was to obtain damages under or otherwise enforce, any federal, state or local law, regulation, by-law, or ordinance, which has as its objective the regulation of residential premises, or...reporting a violation or suspected violation of law as provided in section eighteen of chapter one hundred and eighty-six....The commencement of such action against a tenant, or the sending of a notice to quit upon which the summary process action is based...within six months after the tenant has commenced, proceeded with or obtained relief in such action, (or)..made such report..shall create a rebuttable presumption that such summary process is a reprisal against the tenant for engaging in such activities...Such presumption may be rebutted only by clear and convincing evidence that such action was not a reprisal against the tenant, and that the plaintiff had sufficient independent justification for taking such action, and would have in fact taken such action, in the same manner and at the same time the action was taken, even if the tenant had not...engaged in such activity."

G.L. c. 186, §18 provides, in pertinent part: "Any person or agent thereof who threatens to or takes reprisals against any tenant of residential premises for the tenant's act of, commencing, proceeding with, or obtaining relief in any judicial or administrative action the purpose of which action is to obtain damages under, or otherwise enforce, any federal, state or local law, regulation, by-law or ordinance, which has as its objective the regulation of residential premises; or exercising the tenant's rights pursuant to section one hundred and twenty-four D of chapter one hundred and sixty-four; or reporting to the board of health...shall be liable for damages which shall not be less than one month... than three month's rent, or the actual damages sustained by the tenant, whichever is greater, and the costs of the suit, including a reasonable attorney's fee."

"The receipt of any notice of termination of tenancy, except for nonpayment of rent, or, of increase in rent, or, of any substantial alteration in the terms of tenancy within six months after

the tenant has commenced, proceeded with, or obtained relief in such action, exercised such rights, made such report or complaint... shall create a rebuttable presumption that such notice or other action is a reprisal against the tenant for engaging in such activities. Such presumption shall be rebutted only by clear and convincing evidence that such person's action was not a reprisal against the tenant and that such person had sufficient independent justification for taking such action, and would have in fact taken such action, in the same manner and at the same time the action was taken, regardless of tenants engaging in, or the belief that tenants had engaged in, activities protected under this section."

The Court finds that Plaintiff has proven by clear and convincing evidence that he had sufficient independent justification for filing the present action in order to collect unpaid rent for the months of January - April 2018. The Court therefore finds in favor of Plaintiff on Defendants' claims and defenses related to retaliation.

## 4. Violation of the Consumer Protection Act (G.L. c. 93A)

Defendants' claim relevant to Plaintiff's alleged violation of the Consumer Protection Act stems from the above counterclaims. As the Court finds in favor of Plaintiff on all of the above counterclaims, the Court further finds in favor of Plaintiff as to Plaintiff's alleged violation of the Consumer Protection Act and finds that Defendants are not entitled to damages pursuant to G.L. c. 93A.

### ORDER AND ENTRY OF JUDGMENT

Judgment for Plaintiff for possession and damages in the amount of $12,600.00. Judgment for Plaintiff as to all counterclaims.

HOUSING COURT DEPT.
EASTERN DIV
A TRUE COPY
MARIA THEOPHILIS
ASSOCIATE JUSTICE

Date: May 4, 2018

cc:    Javad Ghoreishi
       Devon Hincapie
       Juan Hincapie

*Michael Neville*
ACTING CLERK MAGISTRATE
DATE   1-16-20

7

United States District Court
District of Massachusetts
Civil Docket No.

Javad Ghoreishi,
Plaintiff
vs.
Norfolk County Family and Probate Court ,
 Defendant

## VERIFIED COMPLAINT

individually and in his/her official capacity as Justices of the Probate and Family Court [ of [Norfolk] County,

## JURISDICTIONAL BASIS

I.      Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases
        arising under the U.S. Constitution.

        Plaintiff brings this suit pursuant to Title 42 USC law Chapter 21, Subchapter 1, Code § 1983 in which is a

        federal law that allows an action for damages against any person who, under color of any

        statute,ordinance, regulation, custom or usage of any state or territory,subjects any person

        to a deprivation of any rights, privileges or immunities secured by the Constitution or laws

        of the United States. for violations of certain protections guaranteed to him by the federal Constitution, by

        the defendant under color of law in his capacity as a judge in the Probate and Family Court of Norfolk

        County.

        ## Parties

III.    Plaintiff Javad Ghoreishi is a natural person residing at 77 Pond Avenue, Brookline, Norfolk County,
        MA 02445.

IV.      Defendant is Norfolk Probate and Family Court, 35 Shawmut Road, Canton, MA 02021.

                Our legal system is based on the fundamental principle that our courts are an independent branch of

        government in which fair and competent judges interpret and apply the laws that govern us.

        this complaint is against the Norfolk Probate and Family Court (hereafter "NP") judges, in a divorce

        litigation process (11D0426DR). Judge George F Phelan (hereafter "GP") from NP rendered an egregious

        judgment on or about July 8, 2013, with ad faith, a corrupt motive, and fraudulent calculations, to effectively

        terminate the plaintiff's ability to practice dentistry, and the plaintiff's life time profession for which to earn

        income in his profession, and decimate the Plaintiff. In violation of the First, Ninth Charter of Rights, and

        Article II and III of American with Disability Act ("ADA Act"). (Exh 1)

The Plaintiff immediately contested the judgment to the Appeals Court. On or about March 7,2016,the

Appeals court vacated the (214-P-1746)(46N.E.3rd 598), in the light of vacating the egregious judgment by

the Appeals Court, and remanding the divorce case for a fresh retrial by a different judge at NP.  (Exh 2)

**Statement of Case**

The bases of this case are as follow:

1-  Violating the  First, Ninth Declaration of Rights  to the US Constitution

defendant's judge GP, in his egregious divorce judgment, flagrantly disproportionate division

of marital assets, purposefully and effectively terminated Plaintiff's vitality by  preventing the Plaintiff

to continue his profession in his dental office which was remodeled to accommodate his medical

condition and disability due to Multiple Sclerosis,("MS").

2- The division of marital assets was rendered inequitable by fraudulently including the incorporation of

the assets not established as part of marital assets, and fraudulent mathematical calculation of the alleged

missing property of two Persian rugs . (Exh 1, paragraph 17)

3- Defendant's judge GP,  with bad faith,  and corrupt motive to decimate the Plaintiff, purposefully ordered

the plaintiff to retroactively pay child support to the wife, and to not specifically terminate child

support after the termination by social security of the dependent payment when the child turned nineteen in

order to financially decimate the Plaintiff.

4- Defendant's GP, with bad faith, corrupt motive, and fraudulent calculations, in order to

financially decimate the Plaintiff. awarded the joint dental practice which is modified to

accommodate plaintiff's disability due to Multiple Sclerosis, to the abled body wife without proper

compensation for the plaintiff, and  he ordered the plaintiff  to pay $ 203,068.00 to for various unsupported

factual documents to financially decimate the plaintiff, and the judge forced the Plaintiff  to pay two lawyer

fees for $ 25,000 and $9,115 without conducting proper inquiry.

5- Defendant's Judge GP by violating the plaintiff's first and Ninth Constitutional Rights  in any way he

could because the plaintiff contested judge GP's  judgment and seek stay order for his judgment in the

Appeals Court.

6- Defendant's judge GP with bad faith, corrupt/Improper motive and fraudulent calculations ultimate conclusions in the plaintiff's case raise a question whether he could rule fairly and impartially by abusing his judicial disgrace, and violated plaintiff's constitutional rights. It is difficult to avoid concern that his conclusions were in influenced by bias against the plaintiff's race, color, ethnicity and because of the plaintiff's disability.

7- Numerous findings contain disparaging comments against the Plaintiff which are not purported by evidence.

 Defendant's GP went out of his way to penalize the Plaintiff, in any way that he could because of plaintiff's physical disability.

8- The plaintiff contested Judge Phelan's decision (Divorce Nissi) to the Appeals Court.

9- On or about March 7, 2016, the appeals Court's vacated so much of the judgment for division of property, two lawyer fees awarded and retroactive child support, decision cites: (Exh 2)

a- " Divorce case would be remanded because trial court, when awarding parties joint dental practice to wife, failed to consider the impact of disabled husband's relocation on his employ-ability and his opportunity for future acquisition of capital assets and income, both of which were mandatory factors under statute governing alimony and distribution of property. M.G.L.A. c. 208 s 34".

b- Child Support. "Where the husband did not receive notice of the wife's request for child support until the trial, the judge erred in entering a retroactive order. M.G.L.A c. 119 A, s 13(a)".

c- "Attorney fees and costs. Attorney fee award in divorce action would be vacated, and case would be remanded, since trial judge provided no explanation for his decision to award attorney fees to wife and judge did not conduct any inquiry as to whether the fees sought by wife were reasonable. M.G.L.A.c. 208 s 38".

d-"Finding and Verdict. Attorney fee award to wife in contempt action would be vacated, and case would be remanded, since the judge's order contained no explanation as to the basis for the fee award and the order did not contain any indication that the judge considered the reasonableness of the attorney fees. M.G.L.A c. s34

e- "More over it is difficult to perceive how, on record, award of the handicap-accessible office to the able-bodied wife could be deemed equitable, It is especially perplexing since the husband was awarded the handicap-accessible home located in the very same condominium complex as the dental office. Here we

cannot say that the judge's "reasons fore conclusions are 'apparent and flow rationally' from his findings and rulings". "Accordingly, we vacate so much of the divorce judgment that orders division of property and remand the matter for further proceedings and findings".

The Appeal Court's decision to remand the matter case and order for further proceedings and findings attests to the plaintiff's complaint against the Defendant's Judge GP (Exh 1)

10- Two property which were part of ramand matter for redivision of marital assets,were illegally and secretly were conveyed to the other party in divorce matter which constitutes larceny and embezzlement (Rule 266, §30), Plaintiff wrote a motion for this wrong doing to the judges at the NP, and in his motion he requested from judges to call DA office for a white color investigation, by violating defendant's basic constitutional rights, NP judges refused to notify DA office for a white color investigation. (Exh 2)

11- contrary to the Appeal's Court decision on March 7, 2016. Currently retired judge at NP, (James V Menno) by violating article II and III of ADA Act and by violating the Plaintiff's First charter of rights, announcing the plaintiff's disability is the pivotal part of the remand case for retrial, and tried to helped the other party to discipline the Plaintiff's dental license and tried to assassinate the Plaintiff's livelihood, he intentionally did not hold a remand trial until he retired on or about July 2017.(Exh 3)

12- On or about August 2017, NP assigned the remand matter to judge Virginia M. Ward, judge Ward procrastinated the process for retrial.

13- On or about May, 2018, the plaintiff with a motion requested judge Ward to rescue herself based on bias, prejudice, and extra prejudice. Which did not produce any results.

14- On or about May 2018 and to my (the Plaintiff) consternation on or about July 2018, Judge Ward abruptly was transferred to another Probate and Family Court without any advanced notice.

15- On or about June 2018 the matter was assigned to Judge Harrison for retrial, but judge Harrison recused herself to retry the matter, on the bases of the other part

16- Judge Harrison recused herself to retry the matter. The Plaintiff Sought help from the Appeals Court.

17- On or about August 6, 2018, the Plaintiff went to the Appeals Court, at the Appeals Court's clerk flabbergasted when he reviewed status of the remand case at NP, which has not been on retrial as of that time, the Appeals Court clerk suggested that I request for an expedited hearing at NP.

18- On or about August 7 2018, the Plaintiff prepared a motion requesting expedited hearing at the NP. One of the clerk officers send me to a court room, that was the court room of the first judge who I contested his judgment to the Appeals Court. Therefore I went back to the clerk's office, this time court clerk sent me to another court room, while I was in the court room a lady tab on my shoulder and asked me to go out of the court room with her, outside of the court room she said to me I should go to court room No2 judge Cronan, who the other party's counselor, John B Jenney did not work with him before.

19- I went to court room No 2 judge Paul M Cronan court room, Judge Cronan refused to see me.

20- Judge Cronan scheduled September 13, 1918, to hear three (3) motions

21- On September 13, 2018, by violating the Defendants first bill of rights refused to hear the three scheduled motion and to prevent the Plaintiff's to speak, Judge Cronan turned off court's microphone.

22- The Plaintiff immediately requested a hearing date for the unheard motions at the clerk's office.

23 – Another hearing for the same three (3) unheard motions scheduled on or about November, 2018, which did not produce any results.

24- On or about December 2018, the Plaintiff submitted a motion requesting Judge Cronan to recuse himself from the matter, without any response.

25- On or about January, 2019 the defendant hired a lawyer to change the venue and transfer the matter to Boston Probate and Family house. Judge Cronan denied the motion without any reasoning and explanation.

26- A remand retrial scheduled for February 26, and 27, 2019.

27- On or about February 26, 2019, the first day for remand retrial the other party did not prepare for the trial to the plaintiff's perplexity judge Cronan announced parties are not ready for the trial, and did not hold the scheduled trial. The plaintiff's basic rights were violated for a fair retrial.

28- On or about March, 2019, Np appointed attorney Jennifer C. Roman as Discovery Master. (Exh 3)

29- On or about May 2019, Jennifer produced an interim report based on her Discovery Master appointee to

the Court, setting November 28, 2019 as deadline for the parties to comply with set rules set on interim report.

30-  Discovery Master, attorney Jennifer C Roman failed to produce the final report to NP for the remand retrial on January 8, and 14, 2020.

31-  Almost four years after the Appeals court decision to remand the matter for redivision of marital assets the remand retrial,after oceans of motions, finally was held on  January 8th, and 14,  2020.  by judge Paul M Cronan.

32- Violating the First, Fifth Ninth Charter of Rights, ADA Act, and contrary to the Appeals Court decision, judge Cronan incorporated a non-marital asset and made flagrantly disproportionate division of marital assets on August 12, 2020  and deprived the plaintiff from employability,Defendant's judge Cronan, with bad faith, corrupt/Improper motive and fraudulent calculations ultimate conclusions in the plaintiff's case raise a question whether he could rule fairly and impartially by abusing his judicial disgrace, and violated plaintiff's constitutional Rights .  (Exh 4)

A hearing scheduled I often phrase my prayers for relief as follows:

Wherefore plaintiff prays this Court issue equitable relief as follows:c

1. Issue injunctive relief commanding defendant to $10,000,000 redress.

2. Issue declaratory relief as this Court deems appropriate and just.

3. Issue other relief as this Court deems appropriate and just.

4. Award plaintiff his costs of litigation.

Respectfully submitted,

Javad Ghoreishi D.M.D.
77 Pond Avenue #201
Brookline, MA 02445
Telephone No. (617)651-1500

**Statement of Verification**

I have read the above complaint and it is correct to the best of my knowledge.

Javad Ghoreishi D.M.D.

Complaints are filed in the Civil Clerk's Office in the United States District Court for your district.

What kind of factual pattern would give rise to a successful claim under the federal civil rights law? Title 42 U.S. Code § 1983 reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### PROBATE AND FAMILY COURT DEPARTMENT

**Norfolk Division**

**Docket No. 11D0426**

**Kayoko Obara,**
*Plaintiff*

v.

**Javad Ghoreishi,**
*Defendant*

## JUDGMENT ON REMAND
*(On remand from the Appeals Court)*
*(On Wife's Complaint for Divorce filed 3/23/11)*

This matter came before the Court (Cronan, J.) for a trial on the merits on January 8 and 14, 2020. Kayoko Obara (hereinafter referred to as "Wife") was present and represented by Attorney John B. Jenney, Jr. Javad Ghoreishi (hereinafter referred to as "Husband") was present and proceeded *pro se*. One exhibit was entered into evidence and the following four (4) witnesses testified at trial: Attorney Pasquale DeSantis; Husband; Wife; and Attorney Michael J. Traft. In addition to the one exhibit that was entered at trial, the Court also took judicial notice of the file and the parties' most recent financial statements, Wife's financial statement filed on July 30, 2019 and Husband's financial statement filed on January 14, 2020.

After trial, and consideration of the evidence and all reasonable inferences drawn therefrom, the Court hereby enters the following:

1. **Financial Accounts.** Each party shall retain as his or her own asset any financial accounts currently held in his or her own name free from any claim by the other.

2. **Retirement Accounts.** Each party shall retain as his or her own asset any retirement accounts currently held in his or her own name free from any claim by the other.

3. **Husband's Life Insurance Policy.** Husband shall retain the cash value of his life insurance policy free from any claim by Wife.

4. **Automobiles.** Each party shall retain as his or her own asset the automobile currently in his or her possession and shall be solely responsible for, and pay from his or her own funds, all costs and expenses associated with the automobile.

**Page 1 of 3**

5. **Personal Property.** Each party shall retain the personal property presently in his or her personal custody and/or control.

6. **99 Pond Avenue Unit 406, Brookline, Massachusetts.** Wife shall retain ownership of 99 Pond Avenue Unit 406, Brookline, Massachusetts and shall continue to be responsible for all costs associated with the property.

7. **77 Pond Avenue Unit 201, Brookline, Massachusetts.** Husband shall retain ownership of 77 Pond Avenue Unit 201, Brookline, Massachusetts and shall continue to be responsible for all costs associated with the property.

8. **77 Pond Avenue Unit 406, Brookline, Massachusetts.** Husband shall be awarded 77 Pond Avenue Unit 406, Brookline, Massachusetts and shall be entitled to retain any proceeds he received from its sale.

9. **77 Pond Avenue Units 102/103, Brookline, Massachusetts.**
Husband shall be awarded 77 Pond Avenue Units 102/103. Within eight (8) months of the date of this Judgment, Husband shall pay to Wife $431,038.50 (i.e. the equalization payment less the $25,000 reimbursement to Husband for the attorney's fees payment). Upon receipt of said funds, Wife shall execute a quitclaim deed assigning all of her right, title, and interest in the units to Husband. Thereafter, Husband shall be responsible for all costs associated with the property.

In the event Husband does not pay to Wife $431,038.50 within eight (8) months of the date of this Judgment, Wife shall retain ownership of the property and shall continue to be responsible for all costs associated with the property.

10. **33 Pond Avenue Unit 1008, Brookline, Massachusetts.**
In the event Husband timely makes the payment to Wife as outlined in paragraph 9 above, Wife shall be awarded 33 Pond Avenue Unit 1008. Upon Wife's receipt of the payment outlined in paragraph 9 above, Husband shall execute a quitclaim deed assigning all of his right, title, and interest in the property to Wife. Thereafter, Wife shall be responsible for all costs associated with the property.

In the event Husband does not timely make the payment to Wife as outlined in paragraph 9 above, the parties shall immediately place Unit 1008 on the market for sale. The net proceeds from the sale shall be divided equally except that Wife's 50% share of the net proceeds shall be reduced by $76,461.50, (i.e. $51,461.50 in order to effectuate an equal division of the other properties and reimbursement to Husband for the $25,000 attorney's fees payment). If Wife's share is not sufficient to satisfy the $76,461.50 payment to Husband, she shall pay same to Husband within thirty (30) days of the closing.

11. **Attorney's Fees.** Each party shall be responsible for payment of his or her own attorney's fees.

12. **Prior Judgments**. All terms of prior Judgments not inconsistent herewith shall remain in full force and effect.

Date: __8/12/20__

Paul M. Cronan, Justice
Norfolk Probate and Family Court

## NO11D0426DR Obara, Kayoko vs. Ghoreishi, Javad

**Case Type:**
Domestic Relations
**Case Status:**
Active
**File Date**
03/23/2011
**DCM Track:**

**Initiating Action:**
Divorce 1B
**Status Date:**
07/29/2013
**Case Judge:**
Cronan, Hon. Paul
**Next Event:**

**Property Information**

| All Information | Party | Subsequent Action/Subject | Event | Docket | Disposition |

### Party Information

**Obara, Kayoko**
- Plaintiff

- DOD

| Alias |

**Party Attorney**
- Attorney
- Jenney, Jr., Esq., John B
- Bar Code
- 543051
- Address
- 10 Glen Rd
  Wayland, MA  01778
- Phone Number
- (508)358-7829

**More Party Information**

**Ghoreishi, Javad**
- Defendant

- DOD

| Alias |

**Party Attorney**
- Attorney
- Pro Se
- Bar Code
- PROPER
- Address
- Phone Number

**More Party Information**

### Subsequent Action/Subject

| Description | Status | SA/Subject # | Pleading Party | Responding Party | Status Date |
|---|---|---|---|---|---|
| S/A - Complaint for Contempt | Closed | 1 | Obara, Kayoko | Ghoreishi, Javad | 05/07/2019 |
| S/A - Complaint for Contempt | Active | 2 | Obara, Kayoko | Ghoreishi, Javad | 09/02/2014 |
| S/A - Complaint for Contempt | Closed | 3 | Ghoreishi, Javad | Obara, Kayoko | 05/07/2019 |
| S/A - Complaint for Contempt | Active | 4 | Obara, Kayoko | Ghoreishi, Javad | 12/08/2014 |
| S/A - Complaint for Contempt | Closed | 5 | Obara, Kayoko | Ghoreishi, Javad | 05/07/2019 |

10/27/2020

Case Details - Massachusetts Trial Court 3

| Description | SA/Subject # | Status | Pleading Party | Responding Party | Status Date |
|---|---|---|---|---|---|
| S/A - Complaint for Contempt | 6 | Closed | Ghoreishi, Javad | Obara, Kayoko | 05/07/2019 |
| Modification CSP | 7 | Active | Obara, Kayoko | Ghoreishi, Javad | 10/15/2015 |
| S/A - Complaint for Contempt | 8 | Active | Obara, Kayoko | Ghoreishi, Javad | 03/29/2016 |
| S/A - Complaint for Contempt | 9 | Active | Ghoreishi, Javad | Obara, Kayoko | 01/16/2018 |
| S/A - Complaint for Contempt | 10 | Active | Ghoreishi, Javad | Obara, Kayoko | 02/19/2019 |
| S/A - Complaint for Contempt | 11 | Active | Obara, Kayoko | Ghoreishi, Javad | 03/07/2019 |
| S/A - Complaint for Contempt | 12 | Active | Ghoreishi, Javad | Obara, Kayoko | 04/22/2019 |
| S/A - Complaint for Contempt | 13 | Active | Ghoreishi, Javad | Obara, Kayoko | 08/26/2019 |

## Events

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|
| 05/04/2011 08:30 AM | Judge Phelan Session | Courtroom 4 | Motion | Phelan, Hon. George | Event Held |
| 07/14/2011 09:00 AM | Judge Phelan Session | Courtroom 4 | Review Hearing | Phelan, Hon. George | Event Held |
| 09/29/2011 08:30 AM | Judge Phelan Session | Courtroom 4 | Status Conference | Phelan, Hon. George | Event not held: Continued by parties agreement |
| 01/11/2012 09:00 AM | Judge Phelan Session | Courtroom 4 | Pretrial Conference Domestic and Equity | Phelan, Hon. George | Event not held: Continued by parties agreement |
| 04/04/2012 10:00 AM | Judge Phelan Session | Courtroom 4 | Pretrial Continued | Phelan, Hon. George | Event Held |
| 01/15/2013 09:00 AM | Judge Phelan Session | Courtroom 4 | Trial 1 Day | Phelan, Hon. George | Event Held |
| 01/18/2013 09:00 AM | Judge Phelan Session | Courtroom 4 | Trial 1 Day | Phelan, Hon. George | Event Held |
| 01/25/2013 09:00 AM | Judge Phelan Session | Courtroom 4 | Trial Half Day | Phelan, Hon. George | Event Held |
| 08/22/2013 02:00 PM | Judge Phelan Session | Courtroom 4 | Motion | Phelan, Hon. George | Event Held |
| 08/30/2013 09:00 AM | Judge Phelan Session | Courtroom 4 | Conference | Phelan, Hon. George | Taken Off List |
| 09/11/2013 09:00 AM | Judge Phelan Session | Courtroom 4 | Conference | Phelan, Hon. George | Event Held |
| 10/23/2013 02:00 PM | Judge Phelan Session | Courtroom 4 | Summons Issued, Contempt Returnable | Phelan, Hon. George | Event Held |
| 12/12/2013 10:30 AM | Judge Phelan Session | Courtroom 4 | Contempt Continued | Phelan, Hon. George | Event Held |
| 01/23/2014 09:00 AM | Judge Phelan Session | Courtroom 4 | Motion | Phelan, Hon. George | Event Held |
| 09/25/2014 09:00 AM | Judge Menno Session | Courtroom 4 | Summons Issued, Contempt Returnable | Menno, Hon. James V | Event Not Held – Party did not Appear |
| 12/18/2014 09:00 AM | Judge Menno Session | Courtroom 4 | Summons Issued, Contempt Returnable | Menno, Hon. James V | Dismissed by agreement of parties |
| 01/22/2015 10:00 AM | Judge Menno Session | Courtroom 4 | Summons Issued, Contempt Returnable | Menno, Hon. James V | Case Not Heard and Rescheduled |
| 02/05/2015 10:00 AM | Judge Menno Session | Courtroom 4 | Contempt Continued | | |
| 03/19/2015 09:00 AM | Judge Menno Session | Courtroom 4 | Trial, 10 minutes, Uncontested | Menno, Hon. James V | Event Not Held – Party did not Appear |
| 04/13/2015 12:20 PM | Judge Menno Session | Courtroom 4 | Motion | Menno, Hon. James V | Event Held |
| 04/30/2015 10:00 AM | Judge Menno Session | Courtroom 4 | Summons Issued, Contempt Returnable | Menno, Hon. James V | |

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|
| 04/30/2015 10:00 AM | Judge Menno Session | Courtroom 4 | Summons Issued, Contempt Returnable | Menno, Hon. James V | |
| 10/08/2015 09:00 AM | Judge Menno Session | Courtroom 4 | Motion | Menno, Hon. James V | Event Held |
| 11/05/2015 08:30 AM | Judge Menno Session | Courtroom 4 | Motion | Menno, Hon. James V | Event not held: Continued by parties agreement |
| 11/05/2015 08:30 AM | Judge Menno Session | Courtroom 4 | Motion | Menno, Hon. James V | Taken Off List |
| 01/07/2016 09:00 AM | Judge Menno Session | Courtroom 4 | Motion | Menno, Hon. James V | Event not held: Continued by parties agreement |
| 02/18/2016 09:00 AM | Judge Menno Session | Courtroom 4 | Motion | Menno, Hon. James V | Taken Off List |
| 03/17/2016 09:00 AM | Judge Menno Session | Courtroom 5 | Motion | Menno, Hon. James V | Event Held |
| 04/13/2016 02:00 PM | Judge Menno Session | Courtroom 5 | Status Conference | Menno, Hon. James V | Event Held |
| 04/28/2016 10:00 AM | Judge Menno Session | Courtroom 5 | Summons Issued, Contempt Returnable | Menno, Hon. James V | Case Not Heard and Rescheduled |
| 05/25/2016 09:00 AM | Judge Menno Session | Courtroom 5 | Review Hearing | Menno, Hon. James V | Event Held |
| 05/26/2016 09:00 AM | Judge Menno Session | Courtroom 5 | Review Hearing | Menno, Hon. James V | Case Not Heard and Rescheduled |
| 06/03/2016 09:00 AM | Judge Menno Session | Courtroom 5 | Motion | Menno, Hon. James V | Event Held |
| 06/29/2016 09:00 AM | Judge Menno Session | Courtroom 5 | Status Conference | Menno, Hon. James V | Event not held: Continued by parties agreement |
| 07/19/2016 09:00 AM | Judge Menno Session | Courtroom 5 | Status Conference | Menno, Hon. James V | Event Held |
| 09/14/2016 09:00 AM | Judge Menno Session | Courtroom 5 | Pretrial Conference Domestic and Equity | Menno, Hon. James V | Event Held |
| 12/15/2016 09:00 AM | Judge Menno Session | Courtroom 5 | Motion | Menno, Hon. James V | Event Held |
| 01/09/2017 09:00 AM | Judge Menno Session | Courtroom 5 | Trial 1 Day | Menno, Hon. James V | Event Not Held - Rescheduled/Continued |
| 01/10/2017 09:00 AM | Judge Menno Session | Courtroom 5 | Trial 1 Day | Menno, Hon. James V | Taken Off List |
| 01/13/2017 09:00 AM | Judge Menno Session | Courtroom 5 | Trial 1 Day | Menno, Hon. James V | Taken Off List |
| 05/25/2017 09:30 AM | Judge Menno Session | Courtroom 5 | Ex Parte Hearing (Emergency) | Menno, Hon. James V | Event Held |
| 08/17/2017 09:00 AM | Judge Menno Session | Courtroom 5 | Motion | Menno, Hon. James V | Event Not Held - Rescheduled/Continued |
| 09/21/2017 09:00 AM | Judge Menno Session | Courtroom 5 | Motion | Menno, Hon. James V | |
| 11/30/2017 12:30 PM | Judge Ward Session | Courtroom 5 | Ex Parte Hearing (Emergency) | Ward, Hon.Virginia M | Event Held |
| 01/17/2018 09:00 AM | Judge Ward Session | Courtroom 5 | Motion | Ward, Hon.Virginia M | Event Held |
| 01/17/2018 09:00 AM | Judge Ward Session | Courtroom 5 | Pretrial Conference Domestic and Equity | Ward, Hon.Virginia M | Event Held |
| 02/22/2018 10:00 AM | Judge Ward Session | Courtroom 5 | Summons Issued, Contempt Returnable | Ward, Hon.Virginia M | Event Held |
| 03/01/2018 11:00 AM | Judge Ward Session | Courtroom 5 | Ex Parte Hearing (Emergency) | Ward, Hon.Virginia M | Event Held |
| 03/08/2018 09:00 AM | Judge Ward Session | Courtroom 5 | Motion | Ward, Hon.Virginia M | Under Advisement |
| 05/31/2018 09:00 AM | Judge Ward Session | Courtroom 5 | Motion Hearing: Contested | Ward, Hon.Virginia M | Event Held |

https://www.masscourts.org/eservices/search... Case 1:20-cv-12080-WGY ... Page 37 of 53 ... 4/20

Case Details - Massachusetts Trial Court 3

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|
| 05/31/2018 09:00 AM | Judge Ward Session | Courtroom 5 | Motion | Ward, Hon. Virginia M | Event Held |
| 05/31/2018 11:30 AM | Judge Ward Session | Courtroom 5 | Ex Parte Hearing (Emergency) | Ward, Hon. Virginia M | Event Held |
| 07/11/2018 09:00 AM | Judge Phelan Session | Courtroom 5 | Pretrial Conference Domestic and Equity | Phelan, Hon. George | Event Not Held - Rescheduled/Continued |
| 07/11/2018 09:00 AM | Judge Phelan Session | Courtroom 5 | Motion Hearing: Contested | Phelan, Hon. George | Event Not Held - Rescheduled/Continued |
| 07/11/2018 09:00 AM | Judge Peterson Session | Courtroom 5 | Pretrial Conference Domestic and Equity | Peterson, Hon. Lee M. | Event Held |
| 07/11/2018 09:00 AM | Judge Peterson Session | Courtroom 5 | Motion Hearing: Contested | Peterson, Hon. Lee M. | Event Held |
| 07/18/2018 09:00 AM | Judge Cronan Session | Courtroom 2 | Ex Parte Hearing (Emergency) | Cronan, Hon. Paul | Event Held |
| 09/13/2018 09:00 AM | Judge Cronan Session | Courtroom 2 | Pretrial Conference Domestic and Equity | Cronan, Hon. Paul | Event Held |
| 11/26/2018 09:00 AM | Judge Cronan Session | Courtroom 2 | Motion | Cronan, Hon. Paul | Event Held |
| 01/28/2019 09:00 AM | Judge Cronan Session | Courtroom 2 | Motion | Cronan, Hon. Paul | Event Held |
| 01/28/2019 09:00 AM | Judge Cronan Session | Courtroom 2 | Motion | Cronan, Hon. Paul | Event Held |
| 02/26/2019 09:00 AM | Judge Cronan Session | Courtroom 2 | Summons Issued, Contempt Returnable | Cronan, Hon. Paul | Event Held |
| 02/26/2019 09:00 AM | Judge Cronan Session | Courtroom 2 | Trial 1 Day | Cronan, Hon. Paul | Event Held |
| 02/26/2019 09:00 AM | Judge Cronan Session | Courtroom 2 | Motion | Cronan, Hon. Paul | Event Held |
| 02/27/2019 09:00 AM | Judge Cronan Session | Courtroom 2 | Trial 1 Day | Cronan, Hon. Paul | Taken Off List |
| 03/07/2019 02:15 PM | Judge Gorman Session | Courtroom 1 | Motion | Gorman, Hon. Patricia | Taken Off List |
| 03/07/2019 02:50 PM | Judge Cronan Session | Courtroom 2 | Ex Parte Hearing (Emergency) | Cronan, Hon. Paul | Event Held |
| 03/11/2019 09:00 AM | Judge Cronan Session | Courtroom 2 | Ex Parte Hearing (Emergency) | Cronan, Hon. Paul | Event Held |
| 03/18/2019 09:00 AM | Judge Cronan Session | Courtroom 2 | Motion | Cronan, Hon. Paul | Event Held |
| 03/18/2019 10:00 AM | Judge Cronan Session | Courtroom 2 | Summons Issued, Contempt Returnable | Cronan, Hon. Paul | Event Held |
| 03/28/2019 09:00 AM | Judge Cronan Session | Courtroom 2 | Status Conference | Cronan, Hon. Paul | Event Held |
| 05/09/2019 09:00 AM | Judge Cronan Session | Courtroom 2 | Status Conference | Cronan, Hon. Paul | Event Held |
| 06/17/2019 10:00 AM | Judge Cronan Session | Courtroom 2 | Summons Issued, Contempt Returnable | Cronan, Hon. Paul | Event Not Held - Rescheduled/Continued |
| 06/25/2019 09:00 AM | Review 1st Floor Administrative Review | Registry/Registry | Review Hearing | | |
| 08/01/2019 09:00 AM | Judge Cronan Session | Courtroom 2 | Pretrial Continued | Cronan, Hon. Paul | Event Held |
| 10/28/2019 09:00 AM | Judge Cronan Session | Courtroom 2 | Motion | Cronan, Hon. Paul | Taken Off List |
| 11/18/2019 10:00 AM | Judge Cronan Session | Courtroom 2 | Summons Issued, Contempt Returnable | Cronan, Hon. Paul | Under Advisement |
| 01/08/2020 09:00 AM | Judge Cronan Session | Courtroom 2 | Trial 1 Day | Cronan, Hon. Paul | Event Held |
| 01/14/2020 09:00 AM | Judge Cronan Session | Courtroom 2 | Trial 1 Day | Cronan, Hon. Paul | Under Advisement |

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 01/27/2020 09:30 AM | Judge Cronan Session | Courtroom 2 | Ex Parte Hearing (Emergency) | Cronan, Hon. Paul | Event Held |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 03/23/2011 | Complaint for Divorce - Irretrievable Breakdown 1B | 1 | Image |
| 03/23/2011 | Uniform Counsel Certification Form Filed by Attorney Medonis Esq., Linda M | 2 | Image |
| 03/23/2011 | Mass. Statistical R408 Form | 3 | Image |
| 03/23/2011 | Certificate of Marriage | 4 | Image |
| 03/23/2011 | Affidavit Disclosing Care and Custody | 5 | Image |
| 03/23/2011 | Summons issued on complaint for Divorce. | | |
| 04/12/2011 | Kayoko Obara's Motion for Temporary Orders dated 04/07/2011 | 6 | Image |
| 05/27/2011 | Financial Statement for Koyoko Obara dated 5/4/11 | 7 | Image |
| 05/27/2011 | Financial Statement for Javad Ghoreishi dated 5/4/11 | 8 | Image |
| 05/27/2011 | Temporary/Scheduling Order | 9 | Image |
| 08/24/2011 | Further Stipulation of the Parties (dated/filed on 07/14/2011) | 10 | |
| 08/24/2011 | Temporary/Scheduling Order (on Complaint for Divorce dated 03/02/2011) Signed on 07/14/2011 | 11 | Image |
| 09/30/2011 | Pre-Trial Notice and Order Sent  Event: Pretrial Conference Domestic and Equity  Date: 01/11/2012  Time: 09:00 AM  Result: Event not held: Continued by parties agreement | 12 | |
| 10/11/2011 | Motion To Continue Status Hearing Allowed 09/30/2011  Continued to 1/11/12 @ 9:00 a.m. | 13 | Image |
| 02/16/2012 | Motion to continue pretrial conference Allowed 01/11/2012 | 14 | Image |
| 04/20/2012 | Financial Statement of Koyoko Obara (signed/filed on 04/04/2012) | 15 | Image |
| 04/20/2012 | Financial Statement of Javad Ghoreishi (signed/filed on 04/04/2012) | 16 | Image |
| 04/20/2012 | Javad Ghoreisha's Pretrial Memorandum  (dated/filed on 04/04/2012) | 17 | |
| 04/20/2012 | Order After Pre Trial Conference (on Complaint for Divorce filed 03/02/2011) signed on 04/04/2012 | 18 | Image |
| 08/27/2012 | Appearance by attorney Jonathan Seth Helman Esq.  for Javad Ghoreishi (dated 08/20/2012 - filed on 08/22/2012) | 19 | Image |
| 08/28/2012 | Notice of Withdrawal Robert J. DiLibero, Atty. for Javad Ghoreishi (dated 08/17/2012 - filed on 08/27/2012) | 20 | Image |
| 07/09/2013 | Financial Statement of Javad Ghoreishi (signed on 01/15/2013) | 21 | Image |
| 07/09/2013 | Judgment of Divorce Nisi dated 07/08/2013 *********** Final Date: 10/07/2013 ************ | 23 | Image |
| 07/09/2013 | Order on Findings (on Complaint for Divorce dated 03/02/2011) entered 07/05/2013 | 22 | Image |
| 07/29/2013 | Javad Ghoreishi's Memorandum of Law in Support of his Motion for Stay pending Appeal of Judgment dated 07/08/2013 (filed on 7/29/2013) | 26 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 07/29/2013 | Appearance by attorney Gale L Glazer, Esq.<br><br>for Javad Ghoreishi | 27 | Image |
| 07/31/2013 | Motion for Short Order of Notice on Defendant's Ex-Parte Motion for Stay pending Appeal Denied 07/29/2013<br><br>maybe scheduled in due course. | 24 | Image |
| 07/31/2013 | Motion (Javad Ghoreishi's Ex-Parte) for Stay pending Appeal of Judgment dated 07/08/2013 Denied 07/29/2013<br><br>- DENIED ON "EX-PARTE" BASIS | 25 | Image |
| 08/02/2013 | Notice of Docket Entry from Appeals Court<br><br>* * * * * A.C.DOCKET.ENTRY * * * * * Under A.C. #2013J0327 Temp Order:  Def seeks a stay of so much of . . . JT of Div Nisi, entered on 07/09/2013, which is scheduled to take effect on 08/01/2013 & 08/07/2013. . . .[a] temp stay is granted with respect to those portions of the JT scheduled to take effect . . . until further order of this court or a single justice thereof. So ordered. (Vuono, J.) | 28 | Image |
| 08/09/2013 | Notice of Docket Entry from Appeals Court<br><br>* * * * * A.C.DOCKET.ENTRY* * * * * 08/07/2013-Dated Order:  Def husband seeks a stay of so much of the P&FC's JT DV Nisi entered 07/09/2013 . . .to take effect on 08/01/2013 & 08/07/2013. A temp stay was entered by this single justice on 07/31/2013.  . . .[the] temp stay . . .revised to extend only until such time as a judge of the P&FC holds a hearing and issues an order on def's Mtn for Stay pending appeal which the Def filed 07/29/13. Such hearing shall take place . . .no later than 08/28/2013. . . .the DEF/Petitioner will be prepared to present the P&FC . . . w/info re his research into alternate office spaces & the amt of time need to relocate his practice at the hearing. So ordered. (Vuono, J.) | 29 | Image |
| 08/09/2013 | Notice of Appeal by Javad Ghoreisha from JT DV Nisi entered 07/09/2013 & underlying findings, rulings & orders--Appeal file Dated 07/290213. Judge and Parties Notified 08/09/2013.<br><br>* * * * *APLNTC * * * * * | 30 | Image |
| 08/21/2013 | * * * * * RECEIPT.APLNTC * * * * * 08/21/13-dated Receipt of timely Apl Notice filed 07/29/13 by Def Javad Ghoreishi, thru cnsl, from 7/8/13-dated JT DV docketed 7/9/13 & underlying findings, rulings & orders, which Receipt Ntc mailed on or about 8/21/13 to Atty Glazer for Def. | 31 | |
| 08/21/2013 | * * * * * FILING.APLNTC * * * * * 08/21/13-DATED Filing of Apl Notice filed 7/29/13 by Def Javad Ghoreishi, thru cnsl, from 7/8/13-dated JT DV docketed 7/9/13 & underlying findings, rulings & orders, which Filing Ntc mailed on or about 8/21/13 to Atty Medonis for Pltf/Appellee. | 32 | |
| 08/21/2013 | * * * * * MEMO.APLNTC * * * * * 8/21/13-dated Memo to presiding justice of Apl Notice filed 7/29/13 by Def Javad Ghoreishi, thru cnsl, from 7/8/13-dated JT DV docketed 7/9/13, which Memo delivered on or about 8/21/13 to Phelan, J. | 33 | |
| 08/28/2013 | * * * * * OPPOS * * * * * 08/20/2013-dated Opposition from Kayoko Obara, thru cnsl, to Def Javad Goreishi's Mtn for Stay Pending Appeal Purs to MRAP #6. | 34 | Image |
| 08/28/2013 | * * * * * TEMP.ORDER * * * * * 08/22/2013-dated Temporary Order scheduling hearing for 8/30/2013 @ 9:00 AM with instructions for filing affidavit by husband to opposing counsel by 08/27/2013. (Phelan, J. via mlk,ajm) | 35 | Image |
| 10/01/2013 | * * * * * RESPONSE* * * * * Response to Appeals Questionnaire  w/o Affidavit of ordering agreed-upon transcript but w/statement of ordering transcript from Cambridge Transcriptions for hearings held on 01/15, 18, & 25} under Q.#6. | 36 | Image |
| 10/03/2013 | Appearance by attorney Pasquale Desantis, Esq. | 38 | |
| 10/03/2013 | * * * * * ORDER * * * * * 08/30/2013-dated Order (Phelan,J.) for scheduling the Mtn for Stay dated 07/29/2013 (pending Appeal of JT dated 07/08/2013) to be heard on 09/11/2013 @ 9:00 AM w/both parties/counsel present. | 37 | Image |
| 10/03/2013 | * * * * * ORDER.MEMO * * * * * 09/28/2013-DATED Order (Phelan,J.) on Father's Mtn for Stay on the DV Cmplt dated 03/02/2011. | 39 | Image |
| 10/11/2013 | Subsequent Action Contempt Filed | 40 | Image |
| 10/11/2013 | Motion short order Allowed 10/11/2013 | 41 | Image |
| 10/16/2013 | Notice of Docket Entry from Appeals Court<br><br>* * * * * A.C.DOCKET.ENTRY* * * * *10/10/2013-dated Motion for Stay (Paper #6): Order:  Denied (Grasso,J.) | 42 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 10/22/2013 | Appearance by attorney Michael J Traft, Esq.<br><br>* * * * * APRCNSL * * * * * OBO Def Javad Ghoreishi in Contempt Cmplt dated 10/11/13 & other related matters. Initial hearing on 10/23/2013. | 43 | Image |
| 10/25/2013 | * * * * * APRCNS.WD * * * * * 10/23/2013-FILING OF Withdrawal by Atty Glazer as successor counsel filed. | 44 | Image |
| 11/07/2013 | Summons Filed, Date of Service 10/12/2013<br><br>* * * * * SERVICE * * * * * In hand service upon Javad Ghoreishi by Constable James Pellegrine of Summons, Complaint, Motion w/schedule A-C. | 45 | Image |
| 11/07/2013 | * * * * * STIP * * * * * 10/23/13-dated Stipulation of the Parties per T.O. on Contempt dated 10/11/13 . | 46 | Image |
| 11/07/2013 | * * * * * M.ATTY.FEES/COSTS * * * * * On or about 10/23/13 by Pasquale DeSantis, Esq, filing Motion for Atty Fees/Costs in Contempt Cmp[lt filed 10/11/13. | 48 | Image |
| 11/07/2013 | * * * * * AFF * * * * * On or about 10/23/13-dated Affidavit of Pasquale DeSantis, Esq for Atty fees/costs re Contempt Cmplt filed 10/11/13, w/hearing on 10/23/13. | 49 | Image |
| 11/07/2013 | * * * * * ORDER.TO * * * * * 10/23/2013-DATED Temporary Order incorporating Stip dated 10/23/13 by parties/counsel & review date of 12/12/2013 (Phelan,J.) | 47 | Image |
| 11/15/2013 | Transcript Received - Volume I - 1-151 pgs. Trial date 1/15/13 | 50 | Image |
| 11/15/2013 | Transcript Received - Volume II 1-121 pgs - Trial date 1/18/13 | 51 | Image |
| 11/25/2013 | Transcript Received - Volume III - 1-102 pgs Trial date of 1/25/13 | 52 | Image |
| 12/23/2013 | * * * * * FS * * * * * 12/12/13-dated Financial Statement for Kayoko Obara, thru cnsl. | 53 | *Image* |
| 12/23/2013 | * * * * * M.ATTY.FEES * * * * * 12/12/13-FILIED Motion by Pltf Kayoko Obara, thru cnsl, for Attorney Fees re Contempt Cmplt w/Aff of Atty. | 54 | Image |
| 12/23/2013 | * * * * * J.CONTEMP * * * * * 12/12/13-dated Judgment/ on Contempt Cmplt dated 10/11/13 per Stip w/ fees to be heard 1/23/14. (Phelan, J.) | 55 | Image |
| 12/23/2013 | * * * * * STIP * * * * * 12/12/13-DATED Stipulation of the Parties RE CONTEMPT dated 10/11/13. | 56 | Image |
| 01/22/2014 | Motion for atty fees<br><br>Applies To: Desantis, Esq., Pasquale (Attorney) on behalf of Obara, Kayoko (Plaintiff) | 57 | Image |
| 01/22/2014 | Affidavit<br><br>Applies To: Desantis, Esq., Pasquale (Attorney) on behalf of Obara, Kayoko (Plaintiff) | 58 | Image |
| 01/31/2014 | * * * * * ORDER.MEMO* * * * * (on Cmplt for Contempt dated & filed 10/11/2013 by Pltf re atty fees hearing on 1/23/14 (GFP,J.). | 59 | Image |
| 02/12/2014 | Notice of Appeal by Javad Ghoreisha from Contempt JT & Order on Request for Atty's Fees dated 01/29/2014 & related pre- and post-judgment orders (Phelan,J.)--Apl file Dated 02/12/2014. Judge and Parties Notified 02/12/2014.<br><br>* * * *APLNTC * * * * * Notices are due to be sent to parties/judge. Appealed-from decisions (GFP,J.) of 12/23/13-docketed Contempt JT per Stip (#55/56) on Cmplt dtd 10/11/13 (#40) and 01/31/2014-docketed MM & Order (#59) on Contempt Cmplt filed/dtd 10/11/13 re atty fees hearing on 1/23/14. | 60 | Image |
| 03/18/2014 | * * * * * RECEIPT.APLNTC * * * * * 03/18/14-DATED Receipt of Apl Notice filed 2/12/14 by Defendant Javad Ghoreishi, thru cnsl, from the Judgment of Contempt & Memo & Order under docket date of 01/31/14, which Receipt mailed on or about 03/18/14 to Atty Traft for Def/Applnt. | 61 | Image |
| 03/18/2014 | * * * * * FILING.APLNTC * * * * * 3/18/14-dated Filing of Apl Notice filed 2/12/14 by Def Javad Ghoreishi, thru cnsl, from the JT of Contempt & Memo & Order on Cmplt filed 10/11/13 & updated Mtns for Atty Fees, docketed 1/31/14, which Filing mailed on or about 3/18/14 to Atty DeSantis for Pltf/Applee Kayoko Obara. | 62 | Image |
| 03/18/2014 | * * * * * MEMO.APLNTC * * * * * 3/18/14-dated Memo to presiding justice of Apl Notice filed 2/12/14 by Def, thru cnsl, from JT of Contempt & Memo & Order on Cmplt filed 10/11/13 as updated on 12/12/13 & 01/16/14, docketed 01/31/14, which Memo delivered on or about 3/18/14 to Phelan,J. | 63 | Image |
| 03/25/2014 | * * * * * RSP * * * * * 03/24/2014-dated Response to Apls Questionnaire w/o affidavit of ordering transcript. Listing docs for 2/12/14-filed Apl of JT & Memo & Order on Contempt filed 10/11/13 & atty fees under docket of 1/31/14. | 64 | Image |
| 05/21/2014 | * * * * * TRANS * * * * * 05/21/14-filing of Transcript Received by hand of Atty Traft as transcribed by Buchanan Ewing of Cambridge Transcriptions, 675 Mass Ave, Cambridge 02138, 617/547-5690 w/CD of hearing on 01/23/2014 re Contempt. | 65 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 05/21/2014 | * * * * * REQUEST.ASSEMBLY * * * * * 05/21/2014-filing of Request Notice for Assembly of the Record on Appeal "as all material necessary for appeal is on file ...." | 66 | Image |
| 08/21/2014 | * * * * * 9C/9D.PRE-ASSEM.NTC * * * * * 8/21/2014-dated Notice of Pre-Assembly requesting remedies/dockings (by assent or motion to the Court) prior to 09/03/2014 w/renewed request for assembly for any additions/omissions, if needed. | 67 | Image |
| 09/02/2014 | Subsequent Action Contempt Filed | 68 | Image |
| 09/02/2014 | Motion SHORT ORDER Allowed 09/02/2014 | 69 | Image |
| 09/02/2014 | Affidavit of kayoko obara | 70 | Image |
| 09/04/2014 | * * * * * ASSENTED-TO-M.CONSOLIDATE.APLS * * * * * 09/03/2014-dated Motion by assent of parties to consolidate appeals filed 07/29/2013 & 02/12/2014, thru counsel. | 71 | Image |
| 09/04/2014 | * * * * * ASSENTED-TO-M.EXPAND.RECORD * * * * * 09/03/2014-filed Motion by assent of parties to expand the record to docket copies of docs previously filed; namely: 1) Pltf's Obara's Pre-Trial Memo; 2) Pltf Obara's Proposed DV JT; 3) Pltf Obara's Proposed Rationale; 4) Def Ghoreishi Proposed DV JT; & 5) Def Ghoreishi Proposed Rationale, which face copies are attached, but with complete copies of the aforesaid held separately awaiting disposition. | 72 | Image |
| 09/04/2014 | Motion by assent of parties to expand the record on appeal to include copies of docs previously filed but not docketed Allowed 09/04/2014

* * * * * M.ALL'D.EXPAND.RECORD * * * * * Copies of the allowed filings to be docketed in expanding the record. | 73 | Image |
| 09/04/2014 | Motion by assent of the parties to consolidate appeals Allowed 09/04/2014

* * * * * M.ALL'D * * * * * RE appeals filed 7/29/13 & 02/12/14. (JVM,J./RPS,JCM) | 74 | Image |
| 09/04/2014 | * * * * * APLREQASM* * * * * 09/03/2014-dated Request, thru cnsl, to Assemble the Record on Appeal post remedy docketing purs to Allowance Order (Entry #73) dated 9/4/14. | 75 | Image |
| 09/04/2014 | * * * * * ASSENTED-TO-FILING * * * * * 09/04/14-dated Allowance of Assented-to Proposal by Pltf Obara re DV JT. (See Entries #72/73.) | 76 | Image |
| 09/04/2014 | * * * * * ASSENTED-TO-FILING* * * * * 09/04/2014-dated Allowance of Assented-to docketing of a Proposal by Pltf Obara re Rationale of JT DV. (See Entries #72/#73.) | 77 | Image |
| 09/04/2014 | * * * * * ASSENTED-TO-FILING* * * * * 09/04/2014-dated Allowance of Assent of parties to Proposal by Def Ghoreishi for DV JT. (See Entries #72/73.) | 78 | Image |
| 09/04/2014 | * * * * * ASSENTED-TO-FILING* * * * * 09/04/2014-dated Allowance of an Assent by the parties, thru cnsl, for Def's Proposal re Rationale of JT DV. (See Entries #72/73.) | 79 | Image |
| 09/04/2014 | * * * * * ASSENTED-TO-FILING* * * * * 09/04/2014-dated Allowance of Assent of parties to enter copy of Pltf Obara's Pre-Trial Memo which was not found in the case file or docket sheets. (See Entries #72/73.) | 80 | Image |
| 11/03/2014 | Notice of Assembly of Record. Attorney/Parties and Appeals Court notified on 11/03/2014

* * * * * APLNTCASM* * * * * 11/03/2014-dated Assembly of the Record on Appeal re apl dated 7/29/13 by Def/Aplnt/cnsl from 7/8/13-dated DV JT and apl dated 02/12/2014 from JT/Order on Contempt filed 10/12/13 & Mtn for Atty Fees, which Appeals were consolidated on 09/04/2014. | 81 | Image |
| 11/18/2014 | Notice of Docket Entry from Appeals Court No. 2014-P-1746 | 82 | Image |
| 11/20/2014 | Motion to override  list Allowed 11/20/2014

to be heard on 12/18/14 | 83 | Image |
| 11/20/2014 | Subsequent Action Contempt Filed | 84 | Image |
| 11/24/2014 | Affidavit of Javad Ghoreshi Dated 11/20/2014 | 85 | Image |
| 12/05/2014 | Javad Ghoreishi's Motion to Dismiss Contempt Complaint dated 11/20/2014 | 86 | Image |
| 12/08/2014 | Subsequent Action Contempt Filed | 87 | Image |
| 12/18/2014 | Summons Filed, Date of Service 12/12/2014 | 88 | Image |
| 12/30/2014 | * * * * * ANSWER/CC/CONTEMPT * * * * * 12/22/14-FILING OF Answer and Counterclaim to be heard on 1/22/15 re Contempt filed 12/5/14 by Javad Ghoreishi, thru cnsl. | 89 | Image |
| 01/05/2015 | * * * * * OPP* * * * * 01/02/2015-FILING of Opposition by Javad Ghoreishi, thru cnsl, to Mtn for Relief from JT Purs to R 60 filed by Pltf Kayoko Obara. | 90 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 01/05/2015 | * * * * * JSAD * * * * * 12/18/2014-dated Judgment of Dismissal on Contempt Cmplt dated 11/20/14 purs to Mtn to Dismiss by Pltf, thru cnsl. (JVM,J.) | 91 | Image |
| 03/04/2015 | * * * * * FS* * * * * 01/22/2015-DATED Financial Statement of Kayoko Obara, thru cnsl (Page #3 has two different versions of the address.) | 92 | Image |
| 03/04/2015 | Motion by Javad Ghoreishi, thru cnsl, for continuation of hearing scheduled today01/22/2015 Allowed 01/22/2015

* * * * * ORDER* * * * * Allowance for continuation of contempt cmplt rescheduled for 02/05/2015 @ 10:00 AM. (Phelan,J.) | 93 | Image |
| 03/04/2015 | * * * * * AFF* * * * * 02/06/2015-DATED Affidavit of counsel to Kayoka Obara. | 94 | Image |
| 03/04/2015 | * * * * * M.COMPLIANCE * * * * * 02/06/2015-DATED Motion by Kayoko Obara, thru cnsl, for compliance with R 401 Sec F re F/S. | 95 | Image |
| 03/04/2015 | Motion by Kayoko Obara, thru cnsl, for Counsel Fees Allowed 02/23/2015

* * * * * M.ATTY.FEES * * * * * ALLOWANCE, per Order. (Menno, J.) | 96 | Image |
| 03/04/2015 | * * * * * ORDER* * * * * 02/23/2015-dated Order on Contempt Cmplt filed 12/05/2014 (which order is a partial judgment of the Court) finding the Def in contempt of 07/08/13-JT for neglecting & failing to pay child support w/order for payment amt & date specified; while  the issue of college expenses held in abeyance pending appeal or an agreement to sell the property purs to DV JT. (Menno,J.) | 97 | Image |
| 04/02/2015 | Subsequent Action Contempt Filed | 98 | Image |
| 04/13/2015 | Subsequent Action Contempt Filed | 99 | Image |
| 04/13/2015 | Motion to Consolidate Contempt Allowed by Judge Menno  Dated 4/13/2015 Judges Notes Mr. Ghoreisha Complaint for Contempt Filed 4/13/2015  May be Added to the April 30, 2015 List to be Heard with Ms. Obara Contempt Filed 4/2/2015  and Ret'd 4/30/2015 | 100 | Image |
| 04/15/2015 | Summons Filed, Date of Service 04/07/2015 | 101 | Image |
| 04/30/2015 | * * * * * ANSW* * * * * 04/23/2015-filing of Answer with Statement to to Contempt dated 04/02/2015 by Javad Ahoreishi, thru cnsl, w/attachment. | 102 | Image |
| 05/12/2015 | Motion from Kayoko Obara, thru cnsl, for Financial Statement Allowed 04/30/2015

* * * * * ALLOWED.MTN* * * * * Per Order (Menno,J.) | 103 | Image |
| 05/12/2015 | Motion from Kayoko Obara, thru cnsl, filed on 04/30/2015 to Dismiss Contempt Cmplt filed by Javad Ghoreisha Denied 04/30/2015

* * * * * DENIED.MTN * * * * * | 104 | Image |
| 05/12/2015 | * * * * * CONSOLIDATED.JT.CONTEMPT* * ** * * 05/04/2015-dated Consolidated Judgment on Contempts filed 04/02/2015 & on 04/13/2015 (Menno,J.). | 105 | Image |
| 10/15/2015 | Subsequent Action for Modification filed | 106 | Image |
| 10/15/2015 | Motion for Temporary Orders | 107 | Image |
| 10/15/2015 | Summons issued on complaint for Modification. | | |
| 10/27/2015 | Summons Filed, Date of Service 10/26/2015 | 108 | Image |
| 11/12/2015 | ANSWER TO COMPLAINT FOR MODIFICATION DATED 10/14/15/ ANSWER FILED 10/09/15 BY JAVAD GHOREISHI. THRU CNSL, WITH REQUEST FOR DISMISSAL & ATTY FEES. | 109 | |
| 11/13/2015 | ORDER OF ALLOWANCE ON ASSENTED-TO MOTION TO CONTINUE DATED 11/5/2015 Order scheduling hearing on 01/07/2016 @ 8:45 AM from 11/05/2015. | 110 | Image |
| 01/06/2016 | Assented to Motion to Continue hearing on 1/7/2016 | 111 | Image |
| 01/11/2016 | Motion TO CONTINUE HEARING, THRU CNSL, Allowed 01/07/2016 File Reference # 111 HEARING CONTINUED TO 02/18/2016 @ 9:00 am. | 112 | Image |
| 02/19/2016 | MOTION TO IMPLEMENT CHILD SUPPORT GUIDELINES , thru cnsl, oboKyoko O'Bara.          02/18/2016-filing of Motion

Applies To: Ghoreishi, Javad (Defendant) | 113 | Image |

Case Details - Massachusetts Trial Court 3

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 03/31/2016 | Subsequent Action Contempt Filed | 114 | Image |
| 04/06/2016 | Rescript from Appeals Court dated 03/07/2016 07/08/2013-dated JT re division of property is vacated & remanded to PFC for further proceedings & findings . . . .; JT section ordering atty fees is vacated & remanded . . . .; JT section ordering H to pay child support from 05/211 to date of trial is vacated. In all other respects, the JT dated 07/08/2013 is AFFIRMED. 12/12/13-dated JT is AFFIRMED. The 01/29/2014-dated order awarding atty fees is VACATED. The case is remanded to a different NCPFC judge. | 115 | Image |
| 04/06/2016 | Notice of Docket Entry from Appeals Court Docketing of Rescript @ AC on 04/04/2016 under 2014P1746. | 116 | Image |
| 04/19/2016 | Child Support Guidelines Worksheet     03/17/2016-dated Worksheet | 118 | Image |
| 04/19/2016 | RETRIEVAL NTC Exhs & Trans     04/19/2016-dated Notice to retrieve | 121 | Image |
| 04/19/2016 | TEMPORARY ORDER on Remanded decision & status conference.     03/17/16-dated Temporary Order | 117 | Image |
| 04/19/2016 | SCHEDULING ORDER Status Conf : 05/25/16 @ 9:00 AM; Contempt continuance 5/25/16; Office Property issues.     04/13/2016-dated Temporary Order | 119 | Image |
| 04/19/2016 | JUDGMENT AFTER RESCRIPT Issues for vacate & remand re 7/8/13-dated DV JT & 01/29/14-dated Order on atty fees.     04/15/2016-dated Judgment (McDermott, R.) | 120 | Image |
| 05/26/2016 | AFFADAVIT OF JAVAD GHOREISHI re division of office.     5/31/16-dated Affidavit | 122 | Image |
| 05/26/2016 | MOTION FOR ACCESS to denta office w/contractor.     05/31/2016-dated Motion | 123 | Image |
| 05/26/2016 | Motion by Javad Ghoreishi, pro se, for access to dental office Denied 05/09/2016 File Reference # 5262016 DENIAL ORDER AS MATTER IS TO BE HEARD ON 05/25/2016. DEFENDANT HAS COUNSEL. | 124 | Image |
| 05/27/2016 | RSP TO RETRVL NTC by Atty Traft obo Javad G. re Ntc #121 dated 4/19/16 to retain trans/exhs for further proceedings purs to JAR..     05/27/16-filing of Response | 125 | Image |
| 05/27/2016 | 5-25-16 Temporary Order after the hearing on the record | 126 | Image |
| 06/21/2016 | FINANCIAL NOTES...........request for CD cannot be completed since the dates requested are more than 3 years old. Credit Card transaction for $54.50 voided and original CD request mailed back to Attorney Jonathan Helman. | | |
| 06/27/2016 | Assented Motion to Continue Review Date scheduled for 6/29/16 | 127 | Image |
| 07/19/2016 | Pre-Trial Notice and Order Sent Event: Pretrial Conference Domestic and Equity Date: 09/14/2016 Time: 09:00 AM Result: Event Held | 128 | |
| 07/27/2016 | Report: Generic (Defendant's Status Report) Applies To: Traft, Esq., Michael J (Attorney) on behalf of Ghoreishi, Javad (Defendant) | 133 | Image |
| 09/14/2016 | Kayoko Obara's Pretrial Memorandum Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | 134 | |
| 11/08/2016 | Motion For Temporary Orders Applies To: Traft, Esq., Michael J (Attorney) on behalf of Ghoreishi, Javad (Defendant) | 129 | Image |
| 11/08/2016 | Response to Changing the Status of Plaintiff's Dental Office and Practice Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | 130 | Image |
| 11/08/2016 | Temporary Order (on Complaint for Modification dated 10/15/2015) - Dated 06/03/2016 | 131 | Image |

Case Details - Massachusetts Trial Court 3

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 11/08/2016 | Motion To Continue/Reschedule Review Date from 06/29/2016 to 07/14/2016 (ASSENTED) ALLOWED on 06/27/2016 File Reference # 127 - Dated 07/11/2016 | 132 | Image |
| 11/08/2016 | Order After Pre Trial Conference - dated 10/31/2016 after PTC on 09/14/2016 | 135 | Image |
| 11/21/2016 | Motion To Continue/Reschedule Trial until the Board of Dental Registration completes its review of Dr. Ghorieshi's physical abilities to practice dentistry | 136 | Image |
| | Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | | |
| 01/03/2017 | Memorandum of Law and Facts on Behalf of Dr. Kyoko Obara | 137 | |
| | Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | | |
| 01/03/2017 | Memorandum in Opposition to Motion to Continue Trial | 138 | |
| | Applies To: Traft, Esq., Michael J (Attorney) on behalf of Ghoreishi, Javad (Defendant) | | |
| 01/03/2017 | Motion To Continue/Reschedule Trial until the Board of Dental Registration completes review of Dr. Ghorieshi's physical abilities to practice dentistry ALLOWED on 11/22/2016 File Reference # 136 per Order - Dated 12/20/2016 | 139 | Image |
| 01/03/2017 | Order - Dated 12/20/2016 | 140 | Image |
| 05/11/2017 | Motion For Short Order of Notice Defendant's Motion for Short Order of Notice | 141 | Image |
| | Applies To: Traft, Esq., Michael J (Attorney) on behalf of Ghoreishi, Javad (Defendant) | | |
| 05/11/2017 | Motion To Defendant's Motion to Schedule Status Confernce and Trial Date | 142 | Image |
| | Applies To: Traft, Esq., Michael J (Attorney) on behalf of Ghoreishi, Javad (Defendant) | | |
| 05/11/2017 | Motion For Short Order of Notice Defendant's Motion for Short Order of Notice and Further Status Confernce | 143 | Image |
| | Applies To: Traft, Esq., Michael J (Attorney) on behalf of Ghoreishi, Javad (Defendant) | | |
| 05/11/2017 | Motion For Short Order of Notice Defendant's Motion for Short Order of Notice and Further Status Confernce | 144 | Image |
| | Applies To: Traft, Esq., Michael J (Attorney) on behalf of Ghoreishi, Javad (Defendant) | | |
| 05/11/2017 | Motion For Short Order of Notice Defendant's Motion for Short Order of Notice and Further Status Confernce ALLOWED on 04/20/2017 File Reference # 144 MOTION TO BE HEARD 05/04/2017 @ 9:00 AM. | 145 | Image |
| 05/11/2017 | Order-Date 5/10/2017 Judge Menno | 146 | Image |
| 06/05/2017 | Motion To Motion to Set Aside Order Dated 05/10/2017 and Established Additional Dated of Trial Date 05/25/2017 | 147 | Image |
| | Applies To: Ghoreishi, Javad (Defendant) | | |
| 06/05/2017 | Motion To Motion to Set Aside Order Dated 05/10/2017 and Established Additional Date of Trial DENIED on 05/30/2017 File Reference # 147 SEE JUDGES NOTES | 148 | Image |
| 06/05/2017 | Motion For Short Order of Notice Motion for Short Order of Notice | 149 | Image |
| | Applies To: Ghoreishi, Javad (Defendant) | | |
| 06/05/2017 | Motion For Short Order of Notice Motion for Short Order of Notice DENIED on 05/30/2017 File Reference # 148 ATTORNEY TRAFT HAS FILED NO MOTION TO WITHDRAW | 150 | Image |
| 06/05/2017 | Request For Fefendant's Rquest for Hearing After Order by Court | 151 | Image |
| | Applies To: Ghoreishi, Javad (Defendant) | | |
| 06/14/2017 | Motion To Vacate HERAD 09/21/2017 | 152 | Image |
| | Applies To: Traft, Esq., Michael J (Attorney) on behalf of Ghoreishi, Javad (Defendant) | | |
| 06/14/2017 | Affidavit Of | 153 | Image |
| | Applies To: Ghoreishi, Javad (Defendant) | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 08/16/2017 | Motion To continue matters until September 21, 2017 | 154 | |
| | Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | | |
| 08/16/2017 | Motion To continue all matters until September 21, 2017 ALLOWED on 08/16/2017 File Reference # 154 | 155 | Image |
| 10/02/2017 | Pre-Trial Notice and Order Sent<br>Event: Pretrial Conference Domestic and Equity<br>Date: 01/17/2018  Time: 09:00 AM<br>Result: Event Held | 156 | |
| 10/06/2017 | SCHEDULING ORDERS | 157 | Image |
| | Judge: Ward, Hon. Virginia M | | |
| 10/30/2017 | Opposition to Motion for Temporary Use of Dental Office for "Scientific Work" -Filed Sept. 21, 2017 | 158 | Image |
| 10/30/2017 | Financial Statement-Filed Oct. 10, 2017 | 159 | Image |
| | Applies To: Ghoreishi, Javad (Defendant) | | |
| 12/13/2017 | Motion For Removing my Counselor from the Case<br>- Dated 11/30/2017 | 160 | Image |
| | Applies To: Ghoreishi, Javad (Defendant) | | |
| 12/13/2017 | Affidavit Of<br>- Dated 11/30/2017 | 161 | Image |
| | Applies To: Ghoreishi, Javad (Defendant) | | |
| 01/12/2018 | Javad Ghoreishi's Pretrial Memorandum | 162 | |
| 01/16/2018 | Subsequent Action Contempt Filed | 163 | Image |
| 01/16/2018 | Motion For Short Order of Notice | 164 | Image |
| 01/16/2018 | Motion For Short Order of Notice  DENIED on 01/12/2018 File Reference # 164 | 165 | Image |
| | Judge: Ward, Hon. Virginia M | | |
| 02/20/2018 | Request For a protective order regarding three subpoenas due on January 11, 2018 | 166 | |
| | Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | | |
| 03/08/2018 | Case Taken Under Advisement | | |
| | The following event: Motion scheduled for 03/08/2018 09:00 AM has been resulted as follows:<br>Result: Event Held-Under Advisement | | |
| 03/21/2018 | Motion For Short Order of Notice on Motion to Remove Atty. Traft as Husband's Counsel<br>- Dated 11/30/2017 | 167 | Image |
| | Applies To: Ghoreishi, Javad (Defendant) | | |
| 03/21/2018 | Motion For Removing my Counsel from the Case | 168 | Image |
| | Applies To: Ghoreishi, Javad (Defendant) | | |
| 03/21/2018 | Order on Motion For Short Order of Notice on Motion to Remove Atty. Traft as Husband's Counsel -<br>Addressed as follows:  The Motion shall be scheduled for Hearing on same date as Pre-Trial.  - Dated<br>11/30/201 | 169 | Image |
| | Judge: Ward, Hon. Virginia M | | |
| 03/21/2018 | Kayoko Obara's Pretrial Memorandum | 170 | Image |
| | Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | | |
| 03/21/2018 | Motion To Withdraw as Counsel for the Defendant | 171 | Image |
| | Applies To: Traft, Esq., Michael J (Attorney) on behalf of Ghoreishi, Javad (Defendant) | | |
| 03/21/2018 | Motion For Removing my Counsel from the Case without prejudice DENIED on 01/16/2018 File Reference<br># 168 | 172 | Image |
| | Judge: Ward, Hon. Virginia M | | |

Case Details - Massachusetts Trial Court 3

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 03/21/2018 | Motion To Withdraw as Counsel for the Defendant DENIED on 01/16/2018 File Reference # 171 w/o prejudice<br><br>Judge: Ward, Hon.Virginia M | 173 | Image |
| 03/21/2018 | Motion For Temporary Access to Dental Office<br><br>Applies To: Ghoreishi, Javad (Defendant) | 174 | Image |
| 03/21/2018 | Affidavit Of<br><br>Applies To: Ghoreishi, Javad (Defendant) | 175 | Image |
| 03/21/2018 | Order on Motion for Temporary Access to Dental Office - Short Order of Notice is granted for hearing on 03/08/2018 at 9:00 a.m. after immediate/forthwith service on opposing Counsel - Dated 03/01/2018<br><br>Judge: Ward, Hon.Virginia M | 176 | Image |
| 03/21/2018 | Orders (and Memorandum of Orders) - Dated 03/08/2018<br><br>Judge: Ward, Hon.Virginia M | 177 | Image |
| 03/30/2018 | Pre-Trial Notice and Order Sent<br>Judge: Ward, Hon.Virginia M<br>Event: Pretrial Conference Domestic and Equity<br>Date: 07/11/2018 Time: 09:00 AM<br>Result: Event Not Held - Rescheduled/Continued | 178 | |
| 04/03/2018 | Scheduling Orders after Rescript Opinion of the Massachusetts Appeals Court dated 03/07/16. Futher Pre-Trial will be held on 07/11/18. Signed: 03/26/18<br><br>Judge: Ward, Hon.Virginia M | 179 | Image |
| 04/23/2018 | Affidavit Of Irreparable Harm<br>- Dated 04/05/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 180 | Image |
| 04/23/2018 | Motion For Short Order of Notice<br>- Dated 04/05/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 181 | Image |
| 04/23/2018 | Motion For Child Support omit Transfer Appeals Court Decision Dental Office  (EX-PARTE)<br>- dated 04/05/2018 | 182 | Image |
| 04/23/2018 | Motion For two Dad's Appeal is Court Decision procurement  (EX-PARTE)<br>- Dated 03/05/2018 | 183 | Image |
| 04/23/2018 | Motion For Short Order of Notice  DENIED on 04/13/2018 File Reference # 181 as Moot.  The Court having ruled administratively.<br><br>Judge: Ward, Hon.Virginia M | 184 | Image |
| 04/23/2018 | Motion For Child Support omit Transfer Appeals Court Decision Dental Office DENIED on 04/13/2018 File Reference # 182<br>without prejudice<br><br>Judge: Ward, Hon.Virginia M | 185 | Image |
| 04/23/2018 | Motion For two Dad's Appeal is Court Decision procurement  (EX-PARTE) DENIED on 04/13/2018 File Reference # 183<br>without prejudice<br><br>Judge: Ward, Hon.Virginia M | 186 | Image |
| 04/30/2018 | Motion To Order wife to corporate with Husband's business Appraiser<br>- Dated 04/26/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 187 | Image |
| 05/08/2018 | Motion For Recusal of Judge Virginia M. Ward for Bias and Prejudice and Extra prejudicial<br>- Dated 05/08/2018 | 188 | Image |
| 05/24/2018 | Scheduling Order - Dated 05/18/2018<br><br>Judge: Ward, Hon.Virginia M | 189 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 06/06/2018 | Motion To Order Wife to Cooperate with Husband's Business Appraiser ALLOWED on 05/31/2018 File Reference # 187<br><br>Judge: Ward, Hon. Virginia M | 190 | Image |
| 06/06/2018 | Opposition to Javad Ghoreishi's Motion to Recuse Justice Ward. Filed: 05/31/18 | 191 | Image |
| 06/06/2018 | Motion For Recusal of Judge Virginia M. Ward for Bias and Prejudice and Extaprejudical DENIED on 05/31/2018 File Reference # 188<br><br>Judge: Ward, Hon. Virginia M<br>Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | 192 | Image |
| 07/02/2018 | Motion For Short Order of Notice on Motion for other party Attorney to Withdraw<br>- Dated 05/31/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 193 | Image |
| 07/02/2018 | Motion For other party Attorney to Withdraw<br>- Dated 05/31/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 194 | Image |
| 07/02/2018 | Affidavit Of<br>- Dated 05/31/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 195 | Image |
| 07/02/2018 | Motion For Short Order of Notice on Motion for other party Attorney to Withdraw DENIED on 05/31/2018 File Reference # 193<br>The Motion maybe consolidated on PTC Date.<br><br>Judge: Ward, Hon. Virginia M | 196 | Image |
| 07/02/2018 | Javad Ghoreishi's Pretrial Memorandum<br>- Dated 06/29/2018 | 197 | *Image* |
| 07/10/2018 | Pre-Trial Notice and Order Sent<br>Judge: Gorman, Hon. Patricia<br>Event: Pretrial Conference Domestic and Equity<br>Date: 07/11/2018  Time: 09:00 AM | 198 | |
| 07/10/2018 | Pre-Trial Notice and Order Sent<br>Judge: Peterson, Hon. Lee M.<br>Event: Pretrial Conference Domestic and Equity<br>Date: 07/11/2018  Time: 09:00 AM<br>Result: Event Held | 199 | |
| 07/18/2018 | Pre-Trial Notice and Order Sent<br>Judge: Cronan, Hon. Paul<br>Event: Pretrial Conference Domestic and Equity<br>Date: 09/13/2018  Time: 09:00 AM<br>Result: Event Held | 200 | |
| 08/30/2018 | Motion For Access to Dental Office and Production of Documents<br>- Dated 06/29/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 201 | Image |
| 08/30/2018 | Affidavit Of<br>- Dated 06/29/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 202 | Image |
| 08/30/2018 | Affidavit Of<br>- Dated 06/29/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 203 | Image |
| 08/30/2018 | Motion For Short Order of Notice<br>This Matter shall be heard on 07/11/2018 when this matter is already scheduled for hearing. - Dated 06/29/2018<br><br>Judge: Peterson, Hon. Lee M.<br>Applies To: Ghoreishi, Javad (Defendant) | 204 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 08/30/2018 | Ex-Parte Order and Order of Notice  -  Dated 06/29/2018<br><br>Judge: Peterson, Hon. Lee M.<br><br>Judge: Peterson, Hon. Lee M. | 205 | Image |
| 08/30/2018 | Financial Statement  -  Dated 07/11/2018<br><br>Judge: Peterson, Hon. Lee M.<br>Applies To: Obara, Kayoko (Plaintiff) | 206 | Image |
| 08/30/2018 | Order of Recusal and Reassignment  -  Dated 07/11/2018<br><br>Judge: Peterson, Hon. Lee M. | 207 | Image |
| 08/30/2018 | Motion To Expedite a Hearing<br>- See scheduling Order signed this date -  dated 07/18/2018<br><br>Judge: Cronan, Hon. Paul | 208 | Image |
| 08/30/2018 | Motion For Expedited Hearing & Immediate Access to my Dental Office<br>- See scheduling order signed this date.  -  Dated 07/18/2018<br><br>Judge: Cronan, Hon. Paul | 209 | Image |
| 08/30/2018 | Affidavit Of<br>- Dated 07/18/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 210 | Image |
| 08/30/2018 | Temporary Order/Scheduling Order(s) (on Complaint for Divorce dated/filed 03/02/2011)  -  Dated 07/18/2018<br><br>Judge: Cronan, Hon. Paul<br><br>Judge: Cronan, Hon. Paul | 211 | Image |
| 09/05/2018 | Motion To Compel Production of Documents and Supporting Memorandum of Law<br>- Dated 09/04/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 212 | Image |
| 09/05/2018 | Memorandum of Law in Support of Motion to Compel  -  Dated 09/04/2018<br>Applies To: Ghoreishi, Javad (Defendant) | 213 | Image |
| 09/25/2018 | Javad Ghoreishi's Pretrial Memorandum<br>- Dated 09/21/2018 | 214 | Image |
| 09/25/2018 | of Defendant Javad Ghoreishi's Request Motion For Expedited Rehearing<br>- Dated 09/21/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 215 | Image |
| 09/25/2018 | Financial Statement  -  Dated 09/12/2018<br>Applies To: Ghoreishi, Javad (Defendant) | 216 | Image |
| 09/25/2018 | Trial Order (on Complaint for Divorce dated 03/02/2011)  -  Dated 09/13/2018<br><br>Judge: Cronan, Hon. Paul<br><br>Judge: Cronan, Hon. Paul<br><br>Judge: Cronan, Hon. Paul<br><br>Judge: Cronan, Hon. Paul | 217 | Image |
| 09/25/2018 | Motion For Clarification of Judge Cronan's 09/13/2018 Trial Order<br>- Dated 09/25/2018<br><br>Judge: Cronan, Hon. Paul | 218 | Image |
| 10/16/2018 | Affidavit Of<br>- Dated 10/02/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 219 | Image |
| 10/16/2018 | Motion For Expedited Hearing for Judge's Recusal and Transfer to Suffolk Court<br>- Dated 10/02/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 220 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 10/16/2018 | Motion For **************   Docketing Error ************* DENIED on 10/02/2018 File Reference # 220<br><br>Judge: Cronan, Hon. Paul | 1.221 | Image |
| 10/16/2018 | Motion For Recusal of Judge Paul Cronan for Bias and Prejudice and Extra-prejudicial and to Transfer the Remand Case to Suffolk Family and Probate Court for Retrial.<br>- Dated 10/02/2018 | 221 | Image |
| 10/16/2018 | Motion For Expedited Hearing for Judge's Recusal and Transfer to Suffolk Court DENIED on 10/02/2018 File Reference # 220<br>Motion maybe scheduled in ordinary course.<br><br>Judge: Cronan, Hon. Paul | 222 | Image |
| 10/30/2018 | Motion For Motion for Clarification of Judge Cronan 9/13/2018 Trial Order DENIED on 10/25/2018 File Reference # 218<br>SEE JUDGES NOTES<br><br>Judge: Cronan, Hon. Paul | 223 | Image |
| 11/19/2018 | Motion In Opposition to the Recusal of Judge Cronan<br>- Dated 11/15/2018<br><br>Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | 224 | Image |
| 11/20/2018 | Motion To Compel Production of Documents<br>- Dated 11/16/2018<br><br>Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | 225 | Image |
| 12/17/2018 | Javad Ghoreishi's Pretrial Memorandum<br>- Dated 11/26/2018 | 226 | Image |
| 01/03/2019 | Motion For Continuation for Pre-Trial<br>- Dated 12/27/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 227 | Image |
| 01/03/2019 | Affidavit Of<br>- Dated 12/27/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 228 | Image |
| 01/09/2019 | Plaintiff's Renewed Motion For for Change of Venue or Transfer<br>- Dated 01/28/2019<br><br>Applies To: Ghoreishi, Javad (Defendant) | 229 | Image |
| 01/09/2019 | Affidavit Of<br>- Dated 01/08/2018<br><br>Applies To: Ghoreishi, Javad (Defendant) | 230 | Image |
| 01/10/2019 | Motion To Compel Plaintiff's Motion to Compel Production of Documents and Supporting Memorandum of Law ALLOWED on 01/08/2019 File Reference # 212<br>AS PROVDED IN COURT ORDER OF T0DAYS DATE<br><br>Judge: Cronan, Hon. Paul | 231 | Image |
| 01/10/2019 | Motion To Compel Motion to Compel Production of Documents ALLOWED on 01/08/2019 File Reference # 225<br>AS PROVIEDED IN COURT ORDER OF TODAY'S DATE | 232 | Image |
| 01/10/2019 | Motion To Withdraw Motion for Other Party Att. to Withdraw ( John B. Jenney) DENIED on 01/08/2019 File Reference # 194 | 233 | Image |
| 01/10/2019 | Motion For Motion for Access to Dental Office and Production of Documents ALLOWED on 01/08/2019 File Reference # 201<br>PER COURTORDER OF TODAY'S DATE<br><br>Judge: Cronan, Hon. Paul | 234 | Image |
| 01/10/2019 | Order (On Defendant's Motion for Access to Dental Office Filed 5/31/18) On Defendant's Motion to Disqualify Plaintiffs Counsel Filed 5/31/18) On Defendant's Motion to Compel Production of Documents Date 8/30/18) ON Plaintiff's Motion to Compel Production of Documents Filed 11/16/2018) -THIS MATTER REMAINS SCHEULED FOR TRIAL ON FEBRUARY 26, 2019 AND FEBRUARY 27, 2019 DATE 1/8/2019 Judge Cronan<br><br>Judge: Cronan, Hon. Paul | 235 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 01/24/2019 | Opposition to Change of Venue  -  Dated 01/24/2019<br>Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | 236 | Image |
| 02/05/2019 | Notice of Limited Appearance  -  Dated 01/28/2019<br>Applies To: Monteiro, Esq., Artemisa L (Attorney) on behalf of Ghoreishi, Javad (Defendant) | 237 | Image |
| 02/05/2019 | Motion For Change of Venue or Transfer (Plaintiff's Renewed) DENIED on 01/28/2019 File Reference # 229 | 238 | Image |
| 02/05/2019 | Motion For Continuation of Pre-Trial DENIED on 01/28/2019 File Reference # 227<br>Case remains scheduled for Trial on 02/26/2019 and 02/27/2019 | 239 | Image |
| 02/19/2019 | Subsequent Action Contempt Filed | 240 | Image |
| 02/19/2019 | Affidavit In Support of Complaint for Contempt filed 2/19/19<br><br>Applies To: Ghoreishi, Javad (Defendant) | 241 | |
| 02/19/2019 | Motion For Short Order of Notice | 242 | Image |
| 02/19/2019 | Order on motion for short order on contempt *see order dated 2/19/19* signed 2/19/19<br><br>Judge: Peterson, Hon. Lee M. | 243 | Image |
| 02/19/2019 | Affidavit Of<br><br>Applies To: Ghoreishi, Javad (Defendant) | 244 | Image |
| 02/19/2019 | Ex parte Order and Order of Notice signed 2/19/19<br><br>Judge: Peterson, Hon. Lee M. | 245 | Image |
| 02/28/2019 | Order ( On Complaint for Divorce Dated 3/2/11) This Matter is Scheduled for a Rule 16 Conference on March 28, 2019 at 9:00 AM. Date 2/26/2019 Judge Cronan<br><br>Judge: Cronan, Hon. Paul | 246 | Image |
| 02/28/2019 | Plaintiff's Answer to Defendant's Complaint for Contempt Filed February 19, 2019-Filed 2/26/2019<br><br>Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | 247 | Image |
| 03/07/2019 | Subsequent Action Contempt Filed 3/7/19 | 248 | Image |
| 03/07/2019 | Affidavit Of Irreparable Harm<br>Filed 3/7/19 | 249 | Image |
| 03/07/2019 | Motion For Short Order of Notice on Complaint for Contempt regarding Production of Documents  Filed 3/7/19 | 250 | Image |
| 03/08/2019 | Motion For Short Order of Notice ALLOWED on 03/07/2019 File Reference # 250<br><br>Judge: Cronan, Hon. Paul | 251 | Image |
| 03/11/2019 | Event Resulted:  ExParte Hearing (Emergency) scheduled on:<br>       03/11/2019 09:00 AM<br>Has been: Event Held<br>Hon. Paul Cronan, Presiding<br>Appeared:<br>Staff: | | |
| 03/11/2019 | Motion For Short Order of Notice | 252 | Image |
| 03/11/2019 | Motion For Short Order of Notice ALLOWED on 03/11/2019 File Reference # 252<br>motion to be heard on 3/18/19 service needs to be completed by 3/14/19 @5pm | 253 | Image |
| 03/11/2019 | Motion For request for self preparing dental office appraisal and consolidate contempt motions | 254 | Image |
| 03/11/2019 | Affidavit Of<br><br>Applies To: Ghoreishi, Javad (Defendant) | 255 | Image |
| 03/18/2019 | Event Resulted:  Motion scheduled on:<br>       03/18/2019 09:00 AM<br>Has been: Event Held<br>, Presiding<br>Appeared:<br>Staff: | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 03/18/2019 | Event Resulted: Summons Issued, Contempt Returnable scheduled on:<br>03/18/2019 10:00 AM<br>Has been: Event Held<br>, Presiding<br>Appeared:<br>Staff: | | |
| 03/19/2019 | Event Resulted: Status Conference scheduled on:<br>03/28/2019 09:00 AM<br>Has been: Event Held<br>Hon. Paul Cronan, Presiding<br>Appeared:<br>Staff: | | |
| 04/22/2019 | Subsequent Action Contempt Filed | 256 | Image |
| 04/23/2019 | Order dated 03/18/2019<br>( On Complaint for Contempt filed 03/07/19 )<br><br>Judge: Cronan, Hon. Paul | 257 | Image |
| 04/23/2019 | Temporary Order appointing  special master for discovery<br><br>Judge: Cronan, Hon. Paul | 258 | Image |
| 05/08/2019 | Motion To Continue/Reschedule pretrial<br><br>Applies To: Obara, Kayoko (Plaintiff); Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | 265 | Image |
| 05/09/2019 | Event Resulted: Status Conference scheduled on:<br>05/09/2019 09:00 AM<br>Has been: Event Held<br>Hon. Paul Cronan, Presiding | | |
| 05/15/2019 | Report: Master's Interim Discovery Master Report and Order<br>filed by Jennifer Roman, Esq. | 259 | Image |
| 05/20/2019 | Financial Statement-Filed May 9, 2019<br><br>Applies To: Ghoreishi, Javad (Defendant) | 260 | Image |
| 05/20/2019 | Javad Ghoreishi's Pretrial Memorandum | 261 | Image |
| 05/20/2019 | Motion to Continue Pretrial Motion To Continue/Reschedule<br><br>Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | 262 | Image |
| 05/20/2019 | Affidavit * Affidavit of Javad  Ghoreishi in Lieu of The Dental Practice Appraisal | 263 | Image |
| 05/20/2019 | Order dated 05/09/2019<br>Temporary Scheduling Order ( ON Complaint for Contempt Filed 3/7/19) This Matter Has Been Scheduled for a Final 8/1/2019 at 9:00 AM. Firm Trial Date (s) to be Set on This Date | 264 | Image |
| 06/17/2019 | Event Resulted:  Summons Issued, Contempt Returnable scheduled on:<br>06/17/2019 10:00 AM<br>Has been: Event Not Held - Rescheduled/Continued<br>Comments: No service made on contempt<br>Hon. Paul Cronan, Presiding | | |
| 06/25/2019 | Motion of Defendant Javad Ghoreishi's  Request for Reconsideration of Motion of Judge Cronan To Recus and Motion for Change of Venue Motion For<br>FILED JUNE 24, 2019<br><br>Applies To: Ghoreishi, Javad (Defendant) | 266 | Image |
| 06/25/2019 | Affidavit * Affidavit of Dr. Javad Ghoreishi<br><br>Applies To: Ghoreishi, Javad (Defendant) | 267 | Image |
| 07/31/2019 | Kayoko Obara's Pretrial Memorandum | 268 | Image |
| 07/31/2019 | Motion To Compel Defendant to Return the Funds Received from selling the Converted Marital Assets | 269 | Image |
| 08/01/2019 | Event Resulted:  Pretrial Continued scheduled on:<br>08/01/2019 09:00 AM<br>Has been: Event Held<br>Hon. Paul Cronan, Presiding | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 08/14/2019 | Order dated 08/01/2019<br>on Complaint for Contempt dated 3/7/2019<br><br>Judge: Cronan, Hon. Paul | 270 | Image |
| 08/30/2019 | Subsequent Action Contempt Filed | 271 | Image |
| 09/13/2019 | Response to Javad Ghoreishi's complaint for contempt dated 08/26/2019 | 272 | Image |
| 10/16/2019 | Opposition to motion to compel defendant to return the funds received from selling converted marital assets<br><br>Applies To: Ghoreishi, Javad (Defendant) | 273 | Image |
| 10/28/2019 | Motion To remove from list | 274 | Image |
| 10/28/2019 | Motion To remove from list ALLOWED on 10/28/2019 File Reference # 274<br><br>Judge: Cronan, Hon. Paul | 275 | Image |
| 10/28/2019 | amended Opposition to mjotion to compel def. to return funds received from marital assets . counterclaim and compel<br><br>Applies To: Ghoreishi, Javad (Defendant) | 276 | Image |
| 11/18/2019 | Case Taken Under Advisement: Summons Issued, Contempt Returnable scheduled on:<br>11/18/2019 10:00 AM<br>Has been: Event Held-Under Advisement<br>Hon. Paul Cronan, Presiding | | |
| 11/18/2019 | Summons Filed, Date of Service 09/10/2019<br>-Contempt scheduled 11/18/2019 | 277 | Image |
| 12/02/2019 | Judgment/Decree on Complaint for Contempt entered on 11/18/2019 Related to File Reference # 271<br><br>Judge: Cronan, Hon. Paul | 278 | Image |
| 12/11/2019 | Action on Appeal as follows: Notice of Appeal by Javad Ghoreishi Dated November 26,2019 on Judgment of Contempt Dated November 18,2019 and docketed on December 2,2019 | 279 | Image |
| 12/11/2019 | Action on Appeal as follows: Notified date Of Receipt And Filing Of A Notice Of Appeal Dated November 26,2019 on Judgment of Contempt Dated November 18,2019 and docketed on December 2,2019<br><br>Applies To: Obara, Kayoko (Plaintiff); Ghoreishi, Javad (Defendant); Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff); Case Judge: Cronan, Hon. Paul | 280 | Image |
| 01/08/2020 | Event Resulted: Trial 1 Day scheduled on:<br>01/08/2020 09:00 AM<br>Has been: Event Held<br>Hon. Paul Cronan, Presiding | | |
| 01/14/2020 | Case Taken Under Advisement: Trial 1 Day scheduled on:<br>01/14/2020 09:00 AM<br>Has been: Event Held-Under Advisement<br>Hon. Paul Cronan, Presiding | | |
| 01/27/2020 | Event Resulted: Ex Parte Hearing (Emergency) scheduled on:<br>01/27/2020 09:30 AM<br>Has been: Event Held<br>Hon. Paul Cronan, Presiding | | |
| 01/29/2020 | Motion For Short Order to Add Certified and Notarized Exhibits | 281 | Image |
| 01/29/2020 | Motion For Short Order to Add Certified and Notarized Exhibits DENIED on 01/27/2020 File Reference # 281<br><br>Judge: Cronan, Hon. Paul | 282 | Image |
| 01/29/2020 | Motion To Add Certified and Notarized Exhibits | 283 | Image |
| 01/29/2020 | Affidavit Of<br><br>Applies To: Ghoreishi, Javad (Defendant) | 284 | Image |
| 04/01/2020 | Motion In Limine of Pasquale Desantis Esq | 285 | Image |

Case Details - Massachusetts Trial Court 3

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 09/01/2020 | Motion for Relief From Judgment Motion For Relief From Judgment Received August 31, 2020 | 286 | Image |
| | Applies To: Jenney, Jr., Esq., John B (Attorney) on behalf of Obara, Kayoko (Plaintiff) | | |
| 09/09/2020 | Defendant Javad Ghoreishi's opposition to motion for relief from judgment. | 287 | Image |
| | Applies To: Ghoreishi, Javad (Defendant) | | |
| 10/05/2020 | Emergency Motion To Enforce Court Order | 288 | Image |
| | Applies To: Ghoreishi, Javad (Defendant) | | |
| 10/05/2020 | Affidavit Of Javad Ghoreishi | 289 | Image |
| | Applies To: Ghoreishi, Javad (Defendant) | | |
| 10/23/2020 | Motion To Enforce Court Order DENIED on 10/05/2020 File Reference # 288 | 290 | Image |
| | Judge: Cronan, Hon. Paul Applies To: Ghoreishi, Javad (Defendant) | | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Judgment of Divorce Nisi | 07/08/2013 | Cronan, Hon. Paul |