UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-cv-12205-RGS

JAVAD GHOREISHI

v.

NORFOLK PROBATE AND FAMILY COURT
HON. GEORGE F. PHALEN
HON. JAMES V. MANNO
HON. PAUL M. CRONAN

ORDER OF DISMISSAL

January 15, 2021

STEARNS, D.J.

Before the court are pro se plaintiff Javad Ghoreishi's Applications to Proceed without Prepayment of Fees or Costs, Dkts. 2 and 4. Ghoreishi's Applications stand in stark contrast to the assets described in the August 12, 2020 divorce judgment also submitted by Ghoreishi. August 12, 2020 Judgment, Dkt. 5 at 1, 7-10, 13-14.  On this record, the Applications are DENIED.  See 28 U.S.C. § 1915(a)(1).

In examining a complaint, this court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Here, Ghoreishi asserts federal question jurisdiction under 28 U.S.C. §1331 in the form complaint, Compl. Dkt 1 at 3, and in an addendum labeled Verified Complaint asserts "federal jurisdiction pursuant to Article II, § 2" and pursuant to 42 U.S.C. § 1983, Ver. Compl., Dkt. 1-1 at 24.  A review of the Civil Cover Sheet indicates no asserted basis for jurisdiction, but asserts as causes of action "violation of the Americans with Disabilities Act, employability, civil rights violations." Civil Cover Sheet, Dkt. 1-2.

After reviewing Ghoreishi's submissions, the court determines that it has no jurisdiction under the *Rooker-Feldman* doctrine.[1]  "Under the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Tyler v. Supreme Judicial Court of Massachusetts*, 914 F.3d 47, 50 (1st Cir. 2019) (citation and quotations omitted).  It applies where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.*

Here, Ghoreishi alleges that he is a disabled dentist who suffers from multiple sclerosis, and that his ex-wife Kayoko Obara is also a dentist. Ver.

---

[1] The *Rooker-Feldman* doctrine derives from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

Compl. ¶¶ 1-4. They were divorced by the Norfolk County Probate and Family Court after a trial.  On July 8, 2013, Judge George F. Phalen entered a final judgment in that divorce action. July 8, 2013 Judgment, Dkt. 1-1 at 1-4. Ghoreishi claims that the judgment was inequitable and unfair, with "bad faith and corrupt motive to decimate" Ghoreishi. Ver. Compl. ¶¶1-4.

On March 7, 2016, the Massachusetts Appeals Court vacated and remanded the judgment relating to the division of property consisting, among other things, of a dentist office that had been modified to accommodate Ghoreishi's disability needs.  *Obara v. Ghoreisha*, 46 N.E. 3d 598 (Mass. App. Ct. 2016) (table). Ghoreishi claims that "the Appeal[s] Court's decision to remand the matter case and order for further proceedings and findings attests to the plaintiff's complaint against [Judge Phalen]." Ver. Compl. ¶ 9. Ghoreishi contends that, on remand, Judge James V. Manno violated the "article II and III of the ADA" by announcing [Ghoreishi's] disability is the pivotal part of the remand case for retrial, and tried to help the other party to discipline the Plaintiff's dental license and tried to assassinate the plaintiff's livelihood." Ver. Compl. ¶ 11.  Ghoreishi asserts that Judge Manno intentionally failed to set a remand trial until that judge's retirement in July 2017.  *Id.  O*n August 7, 2018, Ghoreishi filed a motion for expedited hearing which eventually resulted in a trial before Judge Cronan

on January 8, 2020 and January 14, 2020. *Id.* ¶¶ 11-31. Ghoreishi claims, referencing the August 12, 2020 judgment on remand, that Judge Cronan violated his "First, Fifth Ninth Charter of Rights, ADA Act," by purportedly providing a "disproportionate division of marital assets on August 12, 2020," and deprived him of employability "with bad faith, corrupt/improper motive and fraudulent calculations . . . abusing his judicial disgrace, and violated plaintiff's constitutional rights." *Id.* ¶ 32. Ghoreishi seeks injunctive relief commanding $10,000,000 redress," declaratory relief, "other relief as this Court deems appropriate and just," and costs. *Id.*

On these allegations, the court rules that all elements of *Rooker-Feldman* are met. First, Ghoreishi alleges that he lost in the underlying divorce proceeding on remand on August 12, 2020. Second, Ghoreishi claims his injury vis-à-vis the judgment in that case. Third, this action was filed after the proceeding ended. Fourth, Ghoreishi's claims against the Judges and the Norfolk County Probate and Family Court necessarily invites the federal court to review and reject the state court judgment. At bottom, Ghoreishi is disappointed with the results of his divorce proceedings. His recourse to dispute the results of that action, on which this court takes no position, is to appeal the judgment in the courts of the Commonwealth.

Accordingly, this action is hereby <u>DISMISSED</u> for lack of subject matter jurisdiction.[2]

SO ORDERED.

  /s/ Richard G. Stearns     
UNITED STATES DISTRICT JUDGE

---

[2] Even if the federal court had jurisdiction, Ghoreishi's claims against the Judge Phelan, Judge Menno, and Judge Cronan individually would be barred by the doctrine of absolute judicial immunity. *See Elias v. Elias*, CA 13-11602-JLT, 2013 WL 3777069, at *4 (D. Mass. July 15, 2013) (holding claims for civil rights violations and torts judges "of the Norfolk County Probate and Family Court are not cognizable because [the doctrine of] absolute judicial immunity protects judges from acts performed within the scope of their jurisdiction."). It is well-established that adjudicatory functions are cloaked with absolute judicial immunity. *See Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019). As the First Circuit instructs, "[t]he breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (citations and quotations omitted). To be clear, "[a]bsolute judicial immunity means not just immunity from damages, but immunity from suit altogether." *Id.* at 617, n. 10 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).